ROANE, Judge.
By the Court of Appeals law, of [October,] 1792, R. C. [ed. 1794,] p. 67, [c. 11, 13 Stat. Lürg. 406;] this Court is to have jurisdiction not only in cases provided for by the constitution and in suits originating there, or adjourned thither by virtue of any statute, &c. but also in .such as are now pending therein or which may be brought before them by appeal, writs of error, supersedeas to reverse decrees of the High Court of Chancery, or judgments,of the General Court, or District Court, after those decisions shall be final there, if the matter in controversy be of the value of one hundred dollars, &c.
It is to be observed also, that that expression after those, fyc. is to be found in, and was taken from the original act of \_May,~\ 1779, [c.- 22, 10 Stat. Larg. 89,] constituting the Court of Appeals.
It is likewise observable, that in the act constituting the Court of Admiralty of 1779, [c. 26, 10 Stat. Larg. 101,] there is a provision that a party thinking himself aggrieved, may appeal from a final sentence of that Court, in some cases to a Court to be constituted by Congress, and in Others to the Court of Appeals.
*51 I mention this, to shew that the Legislature have not '.only restricted appeals to final decrees in Chancery, and to final judgments of common law jurisdiction, but have also, in the case of sentences of the Admiralty, adopted the same principle.
The § 14 of the act of 1792, constituting the Court of Appeals, further provides, that appeals, writs of error and ■supersedeas may be granted, heard and determined by the Court of Appeals, to and from any final decree or judgment of the High Court of Chancery, General Court and District Courts, in the same manner, and on the same principles as they are granted, heard and determined in the High Court of Chancery and District Courts, to and from any final decree, or judgment of the County Court.
And I may here once for all remark, that on an attentive inspection of the various acts on this subject, they all seem to restrict appeals, to cases, where final decrees, sentences and judgments have been given.
The arguments of inconvenience arising from restricting appeals, to cases of final judgment, are improperly addressed to a Court, when the words of a whole series of acts are express and unequivocal; and, by being kept up in that series through a long course of time, they appear in the mind of the Legislature not to have been available.
It is consequently rendered unnecessary for me, from the positive terms of the law, to form or express any opinion, whether greater inconvenience would ensue from allowing appeals from interlocutory decrees, than those which are apprehended from a contrary construction. For example, in a writ of partition, the first judgment is, that the Sheriff take a jury and make partition between the parties. Now, though in executing this power, he absolutely changes the possession of the land, no writ of error at common law, nor appeal by our act of Assembly, will lie, until a final judgment is rendered upon the return of the Sheriff, of his having executed the writ.
There is no distinction in law more clearly understood, than that between interlocutory and final judgments, and this distinction runs through decrees in equity as well as others. If, therefore, we depart from the plain signification of the act of Assembly in cases of decrees, we may, with as much propriety in case of judgments, (which was never yet pretended,) as the same words in the act are equally applicable to both and perhaps some instances might be noted, shewing the same reasons of convenience to apply in the one case as in the other.
*52 So far upon the subject of general jurisdiction.
But, then it is said, that consent of parties can give this Court jurisdiction, although otherwise we have none. It was properly observed at the bar, that from the law alone, this Court has derived its power ; and that in cases not proper for the cognizance of the Court under the law, they can have no authority whatsoever: and it would be a strange construction indeed, that when the Legislature has constituted this Court to revise the solemn and final decisions of Courts of high authority in this Country, it should be in the power of parties to anticipate their admission here, by appealing from orders or opinions of the inferior Courts, which are still within the control of those Courts, until final judgment; and which, consequently, if not hastily appealed from, they might themselves correct.
But, it is said, that this restriction to final decrees was intended for the benefit of the parties, and here they have waived it. I answer, that this restriction is not for the benefit of the parties merely, but that it is a principle running through the whole judiciary system, and cannot be departed from without introducing an infinity of appeals and litigation. Consequently, that a departure from them, would quoad this, change the nature of the jurisdiction of an appellate Court, which properly should be confined to the correction of the final and deliberative judgments of the Courts below, into a jurisdiction merely for correcting and consummating their inchoate and interlocutory judgments.
The parties, therefore, under a pretence of waiving a benefit introduced for themselves, must not be permitted to destroy the very principle on which our judiciary system is founded; and thereby to produce a general evil to the community.
. The case in Vesey, sen. 446, [Penn v. Ld. Baltimore,] is conclusive, that a Court of Equity, even after argument, cannot proceed, if it appears that there is a defect of jurisdiction; and this principle applies to the case now before us. I, therefore, think that the cause ought to be sent back to the High Court of Chancery to receive a final decision there.
FLEMING, Judge.
No consent can give jurisdiction against the plain words of the act of Assembly; which are too clear to admit of a doubt. The practice would be dangerous; and I think there is less inconvenience in that *53 established by law, than there would be in the other. At any rate, if there be an inconvenience, the Legislature must correct it, and not the Court.
CARRINGTON, Judge.
The question is, if consent can give this Court jurisdiction, before a final decree in the Court of Chancery ? By examining all the laws upon the subject, it will be found, that this Court, which is bound by the law creating it, is confined to the case of final decrees; and consent cannot alter the law. The power of this Court is extensive, and from its judgments no appeal lies: It should, therefore, be extremely cautious not to assume to itself a jurisdiction which the law has not conferred. If consent would give jurisdiction, then cases below the cognizance of this Court might be brought here; causes may be hurried hither, before they have been properly investigated in the Courts below; and numberless other inconveniences may follow, which it is better to prevent. Besides, the Chancellor, in his final decree, may correct the error in the interlocutory decree, if there be any; and so the grievance complained of, may be redressed in that Court, without the delay and expense of an appeal to this. However, be that as it may, the law is express, that this Court has no jurisdiction until a final decree is pronounced below: and, therefore, I think we cannot exercise it, even by the consent of the parties. Consequently, the eau/se must go back to the Court of Chancery, in order to receive a final decree there.
LYONS, Judge.
That this Court has no original jurisdiction, until the final decree has already been determined: and the question now is, whether consent can give it ? If consent can give jurisdiction, then consent may take it away; which will scarcely be contended for. The general rule is clear, that consent cannot give jurisdiction to a Court which has it not How, then, can this Court exercise it here, when we are, by the express language of the law, confined to appeals from final decrees ? As to the cases put from local jurisdictions, they prove nothing; because, there it depends on fiction, and the party’s neglect to plead; so, that the defect of jurisdiction does not appear upon the record. But here the very question arises from, and is contained in, the record itself: So, that the Court cannot avoid seeing the defect. I think consent cannot give jurisdiction, or else the parties may erect Courts for *54 themselves, which the law will' not allow. I am, there-^ore °pinion5 thatwe have no jurisdiction; and that the appeal was premature: consequently, the cause must be sent back to the Court of Chancery, to be there proceeded in. to a final decree, before any appeal can be allowed to this Court.'*

[ * An interlocutory decree, what ? See Alexander's heirs v. Coleman et ux. 6 Munf. 328; Royall's admrs. v. Johnson et al. 1 Rand. 421, 427.]