Campbell.
 
 J.
 

 The Justice of the Peace certainly had not jurisdiction in this case, and therefore the testimony is inadmissible.
 

 Overton,
 
 J.
 

 To mark the line which divides the jurisdiction of a single Justice of the Peace from that of other courts, in all cases will not be attempted.—There is certainly a distinction between a court whose powers are created and limited by statute, and a court which has exclusive jurisdiction by the common law. A magistrates court is of the first kind, and in this court it is believed, that even
 
 consent
 
 will not give jurisdiction.
 

 The statute must confer it, for the consent of parties cannot oust the jurisdiction of other courts. This is thought to be a sufficient answer to the objection, that advantage ought to have been taken, of the want of jurisdiction at an earlier period.
 
 *
 
 The proceedings before a magistrate and principally ore tenus, and for ought the court can tell, the defendant may have insisted on this ground of defence there. The same defence it is not improbable, was made in the county court. Whether it was or not is not material with this court. whose duty it is to see that inferior limited jurisdictions do not exceed their powers. It stands now in the same situation, as to the question respecting the powers exercised by the Justice as if it had never been carried to the county court.
 

 It seems to me that an action of debt, or covenant, might have been brought upon the instrument, but in
 
 *76
 
 either case (upon failure in paying the two dollars and fifty cents an acre) the charge or gravamen would be the non payment of $1000; a sum which exceeds the jurisdiction of a single Justice of the Peace.
 

 It is not in the power of the court to alter the contract of the parties. Here we find a person covenanting to do a certain act, and if he did not, that he would pay $1000 dollars. It is not for this court to say, that this sum exceeds the amount of a just compensation for the injury arising on failure to perform the act. This might have been referred to a jury in an action of covenant. The articles cannot be received by the jury.
 

 The plaintiff suffered a non-suit.
 

 *
 

 See 3. N.G.T. Rep. 129 1 Call 55. 2 Cranch 26 27.