Wednesday, November 18. The Judges delivered their opinions.
Judge Tucker.
A decree of this Court affirming a decree of the High Court of Chancery, in this cause being presented to the Chancery District Court at Staunton, pursuant to the act of Assembly, 1801, c. 14. “and the same “being seen and inspected,” the defendants petitioned the Court for a bill of review, for new matter alleged to have been discovered, since the rendition of the decree in the High Court of Chancery: which motion was overruled, without costs. After which, the Court proceeded to award a writ of habere facias possessionem to the appellee, and to appoint commissioners to carry the decree of the High Court of Chancery so affirmed in this Court, into effect. On the petition of the appellants to this Court, an appeal was allowed them to the order of the Court overruling their *motion for a bill of review, and a supersedeas to the execution of the writ of possession.
To decide whether the bill of review ought to have been granted at that stage of the proceedings, it may be proper to look into the nature of the decree affirmed; whether that were a final, or only an interlocutory decree.
That decree settled the subject in dispute between the parties as to the right which Mrs. Lewis had acquired to become the purchaser of the lot in question, of William Bowyer. But it proceeded further to direct an inquiry and settlement between the parties, to be made by commis *558 sioners; and a payment, under penalty of a consequent sale of the lot for ready money, to satisfy the appellant, Bowyer, for any balance that should appear due from the appellee: and the commissioners were directed to report their proceedings to the Court. Until this was done, the cause could not be said to be out of Court, and, consequently, the decree not final. It is true an appeal had been allowed in that case—but this is to be attributed to the ordinary practice, until the case of M'Call v. Peachy,(a) occasioned a solemn inquiry into the legality of that practice, and a decision against it, by the unanimous opinion of the four presiding Judges. The act of 1797, c. 5. passed soon after, allowing the High Court of Chancery, upon any interlocutory decree, where the right claimed may have been affirmed or disaffirmed, to grant, in its discretion, an appeal, if that Court should be of opinion that the granting such appeal would contribute to expedition, the saving of expense, the furtherance of justice, or the convenience of the parties. “The right of deciding upon such an appli“cation is exclusively confided to the discretion of the “Chancellor, so long as the cause remains in his Court.”
The authorities cited from Mitford's Pleadings, 78 to 84. clearly shew that a bill of review, properly so called, is granted only after a final decree, either upon error in law appearing in the body of the decree itself, or upon discovery of new matter. If, then, this be a proper bill of review, predicated on the ground that a final decree had been pronounced in the cause, I think it was premature; the cause being still in Court, and subject to the Chancellor’s future direction and discretion upon every point not already decided upon by this Court upon the appeal. On the other hand, if this bill be a supplemental bill, only, in nature of a bill of review, the admission or rejection of it by the Chancellor, whether properly or *improperly decided could only be decided upon by this Court after a final decree shall be had in the cause, unless the Chancellor in his discretion had granted an appeal from the order of admission, or rejection. This he has not done; and, as this Court has no jurisdiction, but what is expressly granted to it by statute; nor can obtain it in any other mode than the statute allows, I conceive the former order of this Court granting to the appellant an appeal, and awarding a writ of supersedeas, was not authorised by any statute, and, therefore, ought to be rescinded now, and the appeal dismissed.
The case of M'Call v. Peachy furnished a precedent on which I rely.
*559 Judges Roane and Fleming were of opinion that the appeal and supersedeas were prematurely awarded: and by the whole Court, (absent Judge Lyons,) the appeal was dismissed.

 1 Call, 55.