Opinion of the Court, by
Judge Mills.
THIS is a bill in chancery, brought by the administrator with the will annexed, and legatees of Timothy Cox, against the appellant, to compel him to convey, or rather to re-convey a tract of land, which had been conveyed by the testator to him by a previous deed, relying on a bond given by the appellant, which is alleged to be lost. At the January term of the court below, in the year 1818, that court made a decree, that the ap *249 pellant should re-convey the land according to the boundaries of the deed made to him by the testator, on or before the first day of the ensuing May; or that, in default thereof, a commissioner should convey; and it was also decreed that the appellees should recover the costs of the suit. On a subsequent day of the same term, so much of the decree as directed a commissioner to convey, was set aside and annulled. The cause was kept on the docket and continued from term to term. At the March term 1820, an attachment of contempt against the appellant, for not performing the decree, was moved for and obtained, returnable to the June term following, when the defendant was brought in, under said attachment; and being held guilty of the contempt, to save himself from imprisonment, he executed the deed and acknowledged it before that court, and the court directed the deed to be recorded in that court, and dismissed the attachment at the costs of the appellant, who then excepted to the opinion of the court in compelling him to convey, and then prayed this appeal, and now assigns error in the original decree.
Rescinding an order appointing a commissioner to convey, does not open the decree; nor does keeping the cause on the docket, waiting for the defendant to execute the deed.
No appeal or writ of error will lie from the decision of the court on an attachment to enforce the execution of a deed decreed to be executed.
It is evident, from this record, that the decree of January 1818 was final, and that it left no controversy open to be thereafter settled by a decree of the court. The parties were, to all intents and purposes, out of court, except as to the execution of the decree; and the decree itself was out of the power of that court, except so far as it could be thereafter reached by a bill of review. Even if the order directing a commissioner to convey, had remained, still the decree was final, and such an order only directed the execution of the decree, which could be done by the commissioner without the cause remaining in court, even as execution for money could be had by the sheriff, after a final decree for money.
So many records of this court have been presented, showing chancery causes retained after the whole controversy was settled, that it induces a belief that the clerks, or solicitors, or parties in chancery, have commenced a practice, which is expensive to the parties and calculated to delude them. Such a practice ought, in due time, to be corrected. In this case, the appeal not having been prayed at the term when the final decree was rendered, no error in the original decree can be noticed; nor does the appeal taken author *250 ise this court to examine the merits of the decree itself. No error is assigned in the subsequent proceedings; and if such assignment were made, it would be unavailing; for it is still an appeal from the decision of the court below, deciding on process for contempt, from which, according to the decision of this court in the case of Johnston vs. the Commonwealth, 1 Bibb 598, no appeal or writ of error will lie. The appeal must, therefore, be dismissed with costs.