1838.

Barclay
v.
Brown.

---

### Barclay and others *vs.* Brown.

If a party to a suit before a vice chancellor is misled by any neglect or mistake of the clerk as to the time of the entry of a final decree, whereby he does not perfect his appeal until after the expiration of the time for appealing, it would be sufficient ground for an application to the vice chancellor, to have the decree re-entered, so as to give him an opportunity of appealing within the time allowed by law.

The court has no power to extend the time for appealing from a final or interlocutory decree, upon the ground of a mere mistake of the party himself, in not entering his appeal within the time prescribed by law.

The caption of a decree or order, unless otherwise directed by the court, should correspond with the time of the actual entry of such decree or order. And where a decree is entered nunc pro tunc as of a previous date, or otherwise, it should appear by some entry in the minutes of decrees, or in the minutes of the proceedings in the cause, or in both, at what time the decree or order was actually entered.

This was an application to dismiss an appeal from the final decree of a vice chancellor, on the ground that it was not entered within the six months after the actual entry of the decree in the minutes of the court. The cause was

August 27.

heard in July, 1837, but the decree was not settled and actually entered until the 26th of October thereafter; and then, by a mistake of the deputy clerk, the caption of the decree was of the day when the cause was heard before the vice chancellor, instead of the day when it was in fact entered. By a similar mistake the decree, as settled, was marked as filed on the same day mentioned in the caption thereof. . The defendant's solicitor having received a certified copy of the decree from the clerk, sent a copy of the same to the solicitor of the adverse party, on the 7th of November, 1837, with a notice endorsed thereon that it was a copy of the decree entered in the cause. This notice was dated on the 7th of November; but the solicitor to whom it was sent mistook the date of the notice for the time when the decree was actually entered, and therefore did not perfect his appeal until the 5th of May, 1838, nine days after the time for appealing, as allowed by law, had expired. The respondent's solicitor, within the time allowed by the rule for that purpose, and before he was aware that the appeal was entered after the time for appealing had expired, gave notice of his election to furnish the papers for the court upon the hearing of such appeal.

*A. C. Paige,* for the motion.

*J. Ellsworth,* for the appellants.

THE CHANCELLOR. The appellant's solicitor was not misled or prejudiced in this case by the mistake in the caption of the decree, as he knew it was ante-dated as of the time of the hearing before the vice chancellor. Neither was he prejudiced by any thing which occurred in the clerk's office; as he did not examine the books for the purpose of ascertaining when the decree was actually entered. If he had done so, and had been misled by any neglect or mistake of the clerk, it might be a sufficient ground for an application to the vice chancellor to have the decree re-entered, with a corrected caption; so as to give his clients an

opportunity to appeal from the decree within the time allowed by law after such re-entry thereof.

The caption of a decree or order, unless otherwise directed by the court, should be made to correspond with the time of the actual entry of the decree. And if the solicitor, in drawing it up, has inserted a different time in the caption of the decree or order, without authority of the court, the register or clerk to whom it is presented to be entered, should require him to alter it so as to correspond with the time of such entry. In all cases, whether the decree is entered as of a previous time, *nunc pro tunc*, or otherwise, it should appear, either by an entry in the minutes of decrees or in the minutes of the proceedings in the cause, or in both, when the decree or order was actually entered.

Although the complainants' solicitor was not prejudiced by any mistake of the clerk in the present case, I am satisfied the neglect to appeal within the time allowed by law arose from the circumstance of the date of the notice, on the back of the copy of the decree, being mistaken for the true time of the actual entry of the decree. I should therefore consider it my duty to relieve against such a mistake, if this court had the power to do so without exceeding the limits of its jurisdiction upon appeals. The time for appealing, however, being limited by law, and no authority being given to the chancellor to extend the time in any case, upon a mere mistake of the party in not entering his appeal within the time prescribed by the legislature, no relief can be given in this case. The respondent's notice of his election to furnish the papers on the hearing, was not a waiver of the right to have the appeal dismissed ; even if it was competent for the parties to give jurisdiction to the court, by any agreement between themselves, to hear an appeal not made in time.

The appeal must therefore be dismissed ; but under the circumstances of this case it must be without costs as against the appellants.