### HYSLOP vs. POWERS and others.

A party who is aggrieved by an erroneous decree or order of a vice chancellor, may appeal therefrom to the chancellor, although he did not appear to argue the case in the court below; except where the order or decree of the vice chancellor is irregularly obtained, so that it can be set aside on that ground, upon a proper application for that purpose.

October 5. THIS was an application by one of the defendants, to dismiss an appeal, from a final decree of the vice chancellor of the first circuit. The motion was founded upon an affidavit that the appellant did not appear to argue the cause before the vice chancellor, at the time of making the decree appealed from.

*D. Marvin*, for the appellant.

*J. Rhoades*, for the respondent.

THE CHANCELLOR, said the principle upon which the court for the correction of errors refused to sustain an appeal by a party who had not appeared to argue the cause in the court below, was not applicable to this case. That the constitution had secured the right of appeal to the chancellor in all cases, where the decision of the vice chancellor or other inferior equity jurisdiction was erroneous; subject to such regulations as might be prescribed by statute or by the rules of the court. That if the vice chancellor, therefore, made an erroneous decision, upon an ex parte hearing before him, in a case in which the adverse party would not be entitled to apply to set aside the decree for irregularity, the party aggrieved by the decree was authorized to appeal to the chancellor, although he had not appeared to argue the case in the court below.

Motion denied.