## KENNEDY'S HEIRS AND EX'RS v. KENNEDY'S HEIRS.

1. An appeal will not, in general, lie from an interlocutory order in Chancery; yet if such an order will finally affect the merits of the case, or deprive the party complaining of it, of any benefit he may have at the final hearing, an appeal is allowable.

2. Where a decree is rendered, disposing of the entire merits of the controversy, and a reference is made to the master to report upon certain matters as the basis of the definitive action of the Court, it is competent for the Chancellor to direct a special report to be made upon some particular part of the case, and to confirm it, before the master has closed his examination upon the matters referred.

3. The Court of Chancery decreed that an absolute deed of land be set aside, and that the defendants re-convey one undivided moiety to the complainant, and that it be referred to the master to report a conveyance, and take an account of advances of money, rents and profits, &c.—*Held*, that the defendant had a lien on the land, in virtue of the legal estate with which he was invested, for any balance that might be found due him on taking an account, and that the Court of Chancery should not direct a conveyance to be reported and executed before the master had taken an account, unless such conveyance reserved this lien.

THE appellees in April, 1839, filed their bill in the Chancery Court sitting at Mobile, praying that a deed bearing date the 13th December, 1824, by which Wm. E. Kennedy, their ancestor conveyed to Joshua Kennedy, the ancestor and testator of the appellants, extensive and valuable real estate, in and contiguous to the city of Mobile, might be set aside. At the term of that Court, holden in the fall of the year 1840, it was adjudged by the decree of the Chancellor, that the deed of December, 1824, was made for the purpose of enabling Joshua Kennedy to secure and provide for the management of the estate, and to secure an adequate provision for the children of Wm. E. Kennedy. It was also adjudged, that Joshua and Wm. were jointly interested in the lands embraced by the

Price and McVoy claims, and that the Baudine was covered by the Price claim. These being the several tracts of land, an undivided moiety of which, was conveyed by the deed in question.

It was further adjudged, that the appellees were entitled to an account for all monies received by Joshua Kennedy in his lifetime, and by his executors since his decease, upon all sales of lands embraced by either of the claims designated, &c.

The Chancellor also ordered and decreed, that the complainants be admitted into the possession of an undivided half of the Price, McVoy and Baudine claims, save and except such parts thereof as were sold and conveyed, either by the said Wm. E. or Joshua Kennedy, or the executors of the latter, since his decease; and that it be referred to the master to prepare a deed, conveying to the complainants those lands, with the exception aforesaid, which deed shall be executed by the executors of Joshua Kennedy, under the power contained in the will of their testator, and in obedience to the directions of the decree.

It was also referred to the master to state the accounts between the complainants and the defendants, Hallett and Walker, executors, &c. as representing Joshua Kennedy in his several capacities of guardian of the children of Wm. E. Kennedy, and executor of the will of Wm. E., and also trustee, under the deed of the 13th December, 1824; and also to state an account between the complainants and the defendants, Hallett and Walker, executors, &c. on account of lands sold, or conveyed by them since the death of their testator. And it was further ordered, that in taking the several accounts required, the executors of Joshua Kennedy be allowed all fair credits to which, individually, or in their representative capacity, they may show themselves entitled, &c.

The decree of the Chancellor was affirmed on writ of error, by this Court, at the June term of 1841. After the judgment of affirmance, the appellees filed their petition in the Court of Chancery, stating that the conveyance directed by the decree, has no connection with the adjustment of the matters of account between the parties; that they are entitled to the possession of, and the evidence of title to an undivided moiety of the lands in question; therefore, they pray a special and separate report, touching the deed to be executed by Hallett and Wal-

ker, executors as aforesaid. They also state, that on the 20th Sept. 1841, they caused a notice to be served on Hallett and Walker, requiring them to produce the accounts, &c. kept by their testator as trustee, of the lands sold, &c.—also, the map, showing the land now subject to the decree, the account of sales, &c. of lands made, &c. by them, and receipts on account thereof. But to this notice, Messrs Hallett and Walker made no response whatever.

. The appellees further state, that they are compelled to rely upon the record of deeds in the County Court, which is, as they believe, imperfect and unsatisfactory; and therefore, they pray that each of the appellants may be compelled to exhibit such books, accounts, &c. as the notice recited requires, showing the land that has been sold, or leased, the monies collected, &c. That Hallett and Walker may be examined touching monies they may have received from sales, &c. of the land specified in the decree; and lastly, that the memoranda of accounts kept by Joshua Kennedy as guardian of Wm. E.'s children, and administrator of his estate, may be produced.

The solicitors of the appellants, were duly notified that the petition was filed, and that motions, as indicated by the prayer, would be submitted to the Court to be holden in November, 1841. It was thereupon referred to the master to inquire, ascertain, and report, what lands passed by the deed of the 13th Dec. 1824, made by William E. Kennedy to Joshua Kennedy, and that he report a plat thereof, describing and identifying the same by metes and bounds, to the end, that the deed to be decreed by the Court be specific, if any deed be decreed. Also, that he report what portion of said lands have been conveyed since the date of said deed of 1824, by the said William, by said Joshua, and by said Hallett and Walker, executors.

The master reported that the prayer of.the petition was reasonable, and should be granted; that the execution of the deed had no connexion with the investigation of the accounts between the appellants and appellees, and is so treated by the decree. This report of the master was confirmed, the books, accounts, maps, &c. ordered to be produced before him; and the appellants required to submit to an examination touching the several matters stated in the petition; *and further*, he was authorised to make a separate report of the conveyance, to be

executed in pursuance of the decree in the cause.    Thereupon, the master reported the draft of a deed, conveying an undivided moiety of the lands in question, which professed to be made in conformity to the decree of 1840.    To this report, the appellants excepted, and assigned the following grounds.    1. The lands embraced by the conveyance are not specifically described, so that their locality is open to future litigation, &c.    2. The conveyance is not in conformity with the decree in the cause.    3. The lands excepted from the operation of the decree, are not particularized.    4. The report was made before the testimony was fully taken and closed on the general reference.— 5. The conveyance reported, is broader in its terms than the decree authorises.

The exceptions being overruled by the master, the cause then came on before the Chancellor, on a motion to confirm the master's special report; whereupon it was adjudged, that the exceptions be overruled, the report confirmed, and the draft of a conveyance reported by the master, be received and accepted, and that Hallett and Walker, executors, &c. be required to execute the same ; and thereupon the defendants below appealed to this Court.

STEWART, for the appellants.

HOPKINS AND CAMPBELL, for the appellees.

COLLIER, C. J.—In considering this cause, a preliminary question suggested itself, viz: Is the case brought here by appeal, such as this Court can entertain ? It is correct as a general proposition, that an appeal will not lie from an interlocutory order; but it is not universally true, for if such an order will finally affect the merits of the case, or deprive the party complaining of it, of any benefit he may have at the final hearing, an appeal is allowable.    Buloid v. Miller, 4 Paige's Rep. 473; Rogers v. Paterson, ibid. 450; Lomax v. Picot, 2 Rand. Rep. 247; Beach v. Fulton Bank, 2 Wend. Rep. 225; Ringgold's case, 1 Bland's Rep. 5; McKim v. Thompson, ibid. 270.    The order confirming the separate report of the master, is in one sense interlocutory, in not putting an end to the suit; yet, if it is obnoxious to the objections made to it, it might prejudice the appellants, if upon taking the account, a balance should be found

in their favor. In this view, the jurisdiction of this Court is entirely defensible. Robertson v. Bingley, 1 McC. Ch. Rep. 333; Allen v. Belcher, 2 H. & M. Rep. 595; Gibson v. Randolph, 2 Munf. Rep. 310; Danels v. Taggart's adm'r, 4 G. & Johns. Rep. 311.

It is objected to the proceedings of the Court of Chancery, 1. That the separate report of the master was premature and irregular. 2. That the draft of the conveyance reported is variant from the decree under which the reference was made, and does not particularize the land to be conveyed.

1. According to the practice in the English Chancery, where the inquiries are numerous, and it is of importance that a part of the decree should be satisfied before the whole of the proceedings are sufficiently matured to enable the master to make a general report, he will report separately on any particular inquiry. This practice is thus regulated by the general orders of 1828. "Previous to that time, the master was not," says Smith, "at liberty, unless authorised by the decree to make a separate report." 2 Smith's Chan. 157. It is insisted that, under the old practice in England, which is our guide here, in the absence of any statute, or rule of our own, that a separate report must be authorised by the general decree in the cause, and not by a mere decretal order. This argument, in our opinion, is not sustained, either by reason or authority. If by a decree, disposing of the entire merits of the controversy, a reference is made to the master to ascertain and report upon certain matters as the basis of the definitive action of the Court, it is competent for the Court to make further orders to advance the inquiry of the master. The principles settled, will not by such a course be disturbed, but the justice of the cause will be advanced. The only change made in this respect by the orders of 1828, is to enable the master to make a separate report, without a special order of the Court. 1. Hoffman's Ch. Prac. 543. It was then a matter addressing itself to the discretion of the chancellor, to grant or refuse the motion for a special reference and a separate report. His opinion of its propriety was to be formed from all the circumstances shown to him, and is not revisable by an appellate tribunal; unless, perhaps, it appear that it may be productive of injury. In this view, the proceedings of the Court of Chancery were not premature, and

are not irregular, unless the second objection taken is well founded.

2. It was supposed by the appellant's counsel, that the conveyance approved by the Chancellor does not conform to the decree in the cause, that the decree excepts from the operation of the deed, such part of the lands as were sold *or* conveyed by Wm. E. or Joshua Kennedy, &c. while the conveyance excepted such as had been sold *and* conveyed, and might consequently operate more extensively than the decree intended. We are not prepared to say from the transcript before us, that this ground is well taken in point of fact; if it is, the conveyance is certainly objectionable. But be this as it may, it is obvious from the decree, that an exception is made in favor of the appellants for all the lands which may have been disposed of, by Wm. E. or Joshua Kennedy, or Hallett and Walker, as the executors of the latter, by any operative contract; and even if the words *sold* and *conveyed*, are used conjunctively in the decree, the exception in the conveyance, if these words are thus employed there, so as to exert a controlling influence, is not sufficiently broad. The conveyance explicitly reserves to the grantors all estate and claim which they or either of them may have in the lands described in it; also, the estate and claim of the other appellants; "except the estate, interest and claim, that the said Joshua Kennedy, in his lifetime, had and held by the Spanish grants to Thomas Price, Wm. McVoy and Alexander Baudine, the deed to him from Wm. E. Kennedy, of the 13th day of December, A. D. 1824, and the acts of the Government of the United States, recognizing and confirming the said claims, and granting further assurances of them." This exception from the reservation in favor of the executors and heirs of Joshua Kennedy is entirely proper, and taken in connection with the reservation of lands sold by Wm. E. or Joshua Kennedy, or by the executors of the latter, shows the extent to which the conveyance, if executed, would operate.

Conceding that the conveyance is such as the appellees' counsel contends, and still, it is objectionable. The appellants by the deed of 1824, to Joshua Kennedy, have a legal title to the lands in question, and are entitled to a lien upon them for the payment of any balance, that may be found due on taking the account directed by the decree. If the conveyance ap-

proved by the Chancellor should be executed by Hallett and Walker, they would lose this security for the reimbursement of the estate of their testator. It is no answer to say that the balance may and probably will be in favor of the appellees, for neither the Court of Chancery, or this Court can, in anticipation of the master's report, say how this matter may be.

It is no objection to the conveyance, that it does not particularize the lands to which the appellees are entitled. Perhaps neither the stating part, or the prayer of the bill, authorize partition to be made, but be this as it may, the decree neither contemplates or authorises it. If partition shall hereafter be desired, it will be entirely competent for the parties to take the proper steps for that purpose, which are very simple and clearly defined.

From what has been said, it results, that this Court has jurisdiction of this cause, by appeal, and the Chancellor may, in his discretion, authorise a separate report of a deed, and require it to be executed by Joshua Kennedy's executors, but that the conveyance reported and approved, is defective, because it does not continue the appellant's lien for what may be found due on final account. The decretal order appealed from, is consequently reversed, and the cause remanded; that the Court of Chancery may direct such deed to be executed, as we have indicated would be proper.