ANDERSON *vs.* WHITE and others.

Where A. filed a bill against S. to procure the title to and possession of a lot of land, and S. prepared his answer thereto, under oath, denying the equity of the bill, but omitted to file and serve it in time, and A. finally obtained a decree pro confesso against him, and afterwards obtained possession of the premises under the decree and conveyed them to W.; and S. subsequent to such conveyance applied to the chancellor to open the decree, and for permission to file his answer and defend the suit, and the chancellor denied the application upon the ground that the suit could not be further prosecuted in the name of A. after his conveyance to W., and that the decree could not be opened and the parties placed in the same situation they were in before the entry of the decree; and A. died after the argument and before the decision of the motion, and from such decision S. appealed to the court of errors, and that court decided that no appeal could be brought before the suit was revived, and gave S. permission to file a bill to revive the suit; and thereupon S. filed a bill to revive the suit, and made the grantee and the widow and heirs of A. parties thereto, and alleged in such bill that the conveyance by A. to W. was without consideration and fraudulent and void, and prayed among other things that the suit might be revived, and that he might be permitted to proceed in the defence of the original suit: *Held*, that S. had an interest in the revival of the original suit; to enable him to review the decision of the chancellor, in denying his motion to open the decree and for permission to come in and defend the suit.

*Held also*, upon demurrer to the complainant's bill, that if S. established his allegations that the conveyance to W. was without consideration and fraudulent, he would then be entitled to a decree to revive the original suit; to enable him to appeal from such decision of the chancellor.

Where the complainant in a suit assigns all his interest therein to a third person and then dies, his grantee cannot revive and continue the proceedings by a simple bill of revivor. It can only be done, in such case, by an original bill in the nature of a bill of revivor and supplement.

And where a defendant in such original suit is entitled to revive the proceedings therein, he must do it by a similar bill.

To entitle a defendant to file a bill of revivor, where the adverse party neglects to revive, such defendant must show that he has an interest in the revival of the suit.

A defendant may revive in all cases, after decree, upon the neglect of the adverse party to do so, where he can be benefitted by further proceedings in the suit.

Where there is a decree against a defendant, and the suit then abates by the death of the adverse party, the defendant cannot appeal from such decree until the suit is revived. Such defendant has therefore a right to revive the suit, in case the adverse party neglects to revive, for the purpose of enabling him to appeal, if he has no other remedy and an appeal will lie.

Whether an appeal will lie to the court for the correction of errors from a decision of the chancellor, resting in mere discretion, refusing to open a decree by default, and to let the defendant in to defend the suit; *Quære?*

THIS case came before the chancellor upon a demurrer to the complainant's bill. The bill was brought to revive and continue a suit originally brought by Daniel Anderson against the present complainant, which suit abated by the death of D. Anderson, after a decree in his favor, and after he had sold and conveyed the premises to R. White, one of the present defendants. The facts, as stated in the complainant's bill, were substantially as follows : In April, 1836, D. Anderson filed a bill in this court against S. Anderson, the now complainant, to procure the title and possession of 96 acres of land in the county of Niagara, of which land the latter was in possession. S. Anderson prepared an answer, which was duly sworn to by him, denying the equity of the bill. But the answer was not filed and served in time, and the complainant finally obtained a decree pro confesso for the possession of the premises in controversy, and giving further relief. And the complainant subsequently obtained possession of the land under the decree, and afterwards conveyed the same to R. White, his son-in-law, one of the defendants in the present suit. Subsequent to that conveyance, S. Anderson, the defendant in the original suit, applied to the chancellor to open the decree pro confesso, and to permit him to file his answer and defend the suit. That application was resisted, not only upon the merits but also upon the ground that it was too late to open the decree by default after the complainant had conveyed all his interest, in the subject matter of the suit, to a stranger who was not a party. The chancellor decided that the suit could not be further prosecuted subject matter thereof to White, and that it was impossible in the name of D. Anderson, after he had conveyed the to open the decree by default and to place the parties in the same situation they were in before the decree was entered. He therefore denied the application, upon that ground, without deciding the merits of the defence attempted to be set up, as they appeared in the intended answer and in the affidavits in opposition thereto. And as D. Anderson, the original complainant, had died after the argument of the motion and before the decision thereof, the chancellor di-

rected the order denying that part of the application to be entered nunc pro tunc as of the time of the argument, in the lifetime of D. Anderson. From this decision S. Anderson, the defendant in that suit, attempted to appeal to the court for the correction of errors ; but that court decided that no appeal could be brought before the suit was revived. And the grantee of D. Anderson not having revived or continued the proceedings, by a bill in the nature of a bill of revivor and supplement, the court gave to the defendant in that suit leave to file such a bill to revive the proceedings as he might be advised was proper.

This bill was thereupon filed against White, the grantee of D. Anderson, the original complainant, and against the widow and heirs at law of the latter ; in which bill the complainant stated the several proceedings which had taken place in the suit, and the substance of the original bill and of the answer which was prepared to be put in before the bill was taken as confessed. He also alleged in such bill, that the conveyance by D. Anderson to White was without consideration, and was fraudulent and void, and that White held the premises during the life of the original complainant for his use and benefit ; and that subsequent to his death White had held the same for the benefit of his heirs at law, subject to the dower right of the widow. The complainant stated that he intended to appeal from the order refusing his application to open the decree, but that he could not do so until this suit was revived. He therefore prayed, among other things, that the defendants might answer his bill, without oath ; that the original suit which had abated might be revived and be in the same plight and condition that it was in at the time of the abatement ; that the present defendants might be made parties in the place and stead of D. Anderson, the original complainant ; and that he might be permitted to proceed in the defence of the said original suit, and might have the other relief prayed for in the present bill.

The defendants put in a joint demurrer, stating as causes of demurrer that the complainant had not made a case by

*1844.*

*Anderson.*
*v.*
*White.*

his bill entitling him to have the original suit revived against them, as complainants in the place of D. Anderson ; that it appeared a final decree was entered and that the premises were conveyed to the defendant White, as purchaser, after such decree ; that the bill set forth matters which could not be litigated upon a simple bill of revivor; that process of subpœna was prayed, to appear and answer the bill, contrary to the course and practice of the court ; and that the bill was unnecessarily prolix and multifarious, containing matters immaterial and unnecessary to the relief sought.

*W. H. Greene,* for the complainant.

*J. Benedict,* for the defendants.

THE CHANCELLOR. The formal objections to the bill cannot be sustained, if the complainant is entitled to succeed upon the merits. The bill is not a simple bill of revivor ; as it contains matters which show that a mere bill of revivor could not have been sustained. For the interest of the complainant in the original suit, in the premises in controversy, was actually conveyed by him in his lifetime. And in such a case, if the purchaser of the premises wishes to revive and continue the proceedings, he can not do it by bill of revivor, but he must file an original bill in the nature of a bill of revivor and supplement. ( *Welf. Eq. Pl.* 220. *Story's Eq. Pl.* 304, § 377, 378.) And where the defendant in the original suit is entitled to revive the proceedings therein, he must do it upon a similar bill, as he can not file a simple bill of revivor, against the ' grantee of the complainant in that suit. The real question in this case, therefore, is whether the complainant shows such an interest in the revival and further continuance of the proceedings in the original suit as to sustain the present bill. For the defendant in a suit can in no case file a bill to revive, where the adverse party neglects to do so, unless he shows that he has an interest in the revival of the suit. (*Horwood* v. *Schmedes,* 12

*Ves.* 311.) But it is now settled, in opposition to the opinion of Lord Hardwick, in the anonymous case before him, (3 *Atk.* 692,) that a defendant is entitled to revive in all cases, after a decree, where he can have a benefit from the further proceedings in the suit, in case the adverse party will not himself revive. In the case of *Williams* v. *Cook,* (10 *Ves.* 407,) Sir William Grant, the master of the rolls, very correctly says, " the good sense is that in every case where a defendant can derive a benefit from the further proceeding he may revive, unless there is a general rule against it." ( *See also Welf. Eq. Pl.* 212 ; *Story's Eq. Pl.* 300, § 372.) As the defendant must revive before he can appeal from a decree against him, where the suit abates before the bringing of his appeal, it follows of course that he has an interest to revive wherever an appeal will lie, and where he would be absolutely without remedy except by a revival of the suit and by an appeal.

In the present case, the complainant does not appear to have any interest whatever in reviving the proceedings in the original suit, except for the mere purpose of enabling him to review the decision of this court, upon the motion to set aside the decree pro confesso and to permit him to come in and make a defence in such original suit. For if the order of this court upon that application is to stand unreversed, the decree, so far as appears from this bill, is absolute and conclusive upon him, not only as regards White the purchaser but also as to the heirs at law of D. Anderson, the original complainant ; even if the present complainant is able to prove the allegations in his bill, that the conveyance to White was without consideration and that the premises are in fact held by him for the sole benefit of such heirs at law. Whether the court for the correction of errors will sustain an appeal from a decision of this court resting in mere discretion, as to the opening of a decree by default, is not for me to decide after the conflicting decisions in that court upon the subject. The safer course, in the present case, therefore, is to overrule this demurrer, and to require the defendants to

answer. And then if the complainant can establish the allegations in his bill as to the supposed fraud and want of consideration of the conveyance to White, the proper decree to revive the original suit may be made; so as to enable him to take the opinion of the court of dernier resort upon the question whether an appeal will lie from the decision referred to, and whether such decision is erroneous.

The demurrer must therefore be overruled, with costs to abide the event of this suit; and the defendants who reside within this state must put in their answers within sixty days after notice of the entry of the order hereon, or the bill must be taken as confessed as to such of them as neglect to answer the same. And such of the defendants as reside out of the state must put in their answers within three months; with liberty to any of the defendants to make an ex parte application to the chancellor to extend the time for answering, upon sufficient cause shown.