## *Ex parte* OSTRANDER.

It is unnecessary in an appeal bond to recite the day on which the judgment before the justice was rendered. *Per* JEWETT, J.

If incorrectly stated, the common pleas can allow the bond to be amended. *Per* JEWETT, J.

If the affidavit and allowance of appeal are made after the ten days prescribed by the statute, the common pleas has no power to relieve the appellant. *Per* JEWETT, J.

A motion to dismiss an appeal must be made at the first term for which there is time to give notice, and the common pleas cannot, by rule granted at such first term, give leave to move at the succeeding term.

A mandamus will not lie to compel the common pleas to vacate a rule dismissing an appeal, though it was granted when the court had no authority to entertain the motion.

This court has not jurisdiction to award a mandamus to an inferior judicial tribunal *in every case* where the party injured has no other remedy.

MOTION for a mandamus. Judgment was rendered before a justice of the peace in favor of one Tremper against Ostrander, on the 11th March, 1845, for over $25 exclusive of costs, in a cause wherein issue had been joined. The defendant supposing the judgment would not have been rendered until the next day, because the justice, on the 8th of March when the trial was finished, had said he should take four days to give judgment, waited until the 22d day of March, when he made an affidavit and procured an allowance of an appeal to be endorsed, and on the 29th served the same with an appeal bond (reciting the judgment to have been rendered on the 12th) on the justice, who, on the 29th of May thereafter, made and filed his return. At the next term of the Columbia common pleas, on the third Monday of June, 1845, the plaintiff, pursuant to a notice of motion, moved to dismiss the appeal, which motion was denied with costs on the ground that the notice did not specify the grounds on which it was made, *but with liberty to the appellee to renew it at the next term.* The appellant then filed a new bond avoiding the incorrect recital of the judgment, and the appellee gave a new notice of motion for the ensuing September term upon

the former and some additional papers, the notice specifying the objections and relying upon the affidavit not having been made nor the appeal allowed in time. The motion was made and opposed by the appellant, who objected that the court had no longer any jurisdiction to dismiss the appeal, it being limited in that respect to the first term after the appeal at which a motion could be made, and also that a motion had been then actually made and denied. The court, however, entertained the motion and dismissed the appeal. The mandamus asked for is to compel the court to vacate this rule and proceed with the cause.

· *J. H. Reynolds*, for the relator.

*G. W. Buckley*, contra.

*By the Court*, JEWETT, J. There is no ground to say that the judgment before the justice must be deemed to have been entered on the 12th instead of the 11th day of March. It was competent for the justice to enter it on any day within four days after the cause was submitted to him for his final decision. (2 *R. S.* 247, § 124.)

The allowance of the appeal was not within the time prescribed by the statute; it was on the eleventh day after the judgment was rendered. It should have been within ten days. (2 *R. S.* 258, § 187.)

No objection is made to the bond first given on the appeal, except that it recited the judgment as having been rendered on the 12th instead of the 11th day of March. The recital of the day on which judgment was rendered is not· required by the statute. (2 *R. S.* 259, § 189; *sub.* 2.) It is only necessary "to exhibit the names of all the parties, the character in which they prosecuted or defended before the justice, the amount recovered and the name of the justice." The court of common pleas might have allowed the bond to be amended in that particular. (2 *R. S. p.* 261, § 204; *id. p.* 556, §§ 33, 34.) The justice, however, made and filed his return to the appeal, eighteen days prior to the first day of the next term of the common pleas, and

thereupon the common pleas became possessed of the cause, and it became its duty to cause the parties to proceed therein with all due diligence. (2 *R. S.* 261, § 201.) The parties respectively had a right to serve notice of trial for the next term of the court, eight days before the first day of such term, and the appellee might have given a notice of motion to dismiss the appeal. (§ 202.) In this case the appellee exercised his right to give a notice of motion to dismiss the appeal for the next term, and the motion was made and opposed, and was denied with costs, upon the ground that the notice did not specify the grounds of the motion; but the court gave the appellee leave " to renew said motion at the next term." It is entirely clear that there was a ground sufficient to dismiss the appeal; and as I think, one against which the court, if it had been disposed, could not have relieved the party; that is, that the affidavit and allowance of an appeal were not made within the time required by the statute. But the court decided that the appellee had not complied with the provisions of the statute by specifying the grounds of the motion in his notice, and therefore denied the motion.

The decision of the court, at the September term, to entertain the motion, and the order then made dismissing the appeal were, in my opinion, in manifest violation of the provisions of the statute on that subject, notwithstanding the reservation in the rule of June term. By section two hundred and three, (*p.* 261,) it is declared, that no motion to dismiss an appeal shall be heard " after the first term at which the same might have been made." The motion not only might have been made, but was in fact made and denied at the June term. The statute is imperative, and the court clearly erred in entertaining the motion at the succeeding term. The idea suggested that the motion in September was a continuance of the one made in June, I think is without any good foundation. It was virtually an attempt to enlarge the time fixed by statute in which to perform a particular act. This is a power which the court did not possess. (*Jackson* v. *Wiseburn,* 5 *Wend.* 136; *Barclay and others* v. *Brown,* 7 *Paige,* 245; *Caldwell* v. *The Mayor, &c. of Albany,* 9 *id.* 572.)

The common pleas having decided otherwise, the important

question arises, whether this court, in the due exercise of its jurisdiction over inferior tribunals, can correct the error by mandamus. It is argued that without the aid of this writ the party is remediless; that error will not lie. That is not a sufficient ground in itself to entitle a party to the writ. It is true that when a party has another legal remedy, a mandamus will generally be refused on that ground; but it is not true, that because a party has no legal remedy, unless by this writ, that it will be granted for that cause. The common pleas had judicial cognizance of the subject matter; and although I have no doubt but that it erred in its decision, yet it cannot be corrected by mandamus. It was clearly a judicial error. (*The Judges of Oneida* v. *The People*, 18 *Wend.* 79; *The People, ex rel. Doughty*, v. *The Judges of Dutchess*, 20 *Wend.* 658.)

Motion denied.