The People ex rel. SMITH & COBURN v. THE JUDGES OF COLUMBIA COMMON PLEAS.

Where a motion for a further return of additional facts is made upon the filing an alternative mandamus, and the return thereto; such additional facts must appear in the alternative writ, otherwise a further return will be denied.

An alternative writ of mandamus is defective, where it does not show a title in the relators, to have the thing done which the writ commands. (10 Wend., 25.)

Such defect may be set up against a motion for a peremptory writ, after the return to the alternative has been made.

Where it appears that the court below had jurisdiction to act in the matter, and although it may have acted erroneously, (18 Wend., 672; 1 Hill, 646,) a mandamus will not lie. 20 Wend., 678; 1 Denio, 679.

April Special Term, 1847.—A motion was made on behalf of the relators, for an amended return, to be made by the Defendants to their return made to a writ of alternative mandamus issued against them.

The affidavit stated the additional facts, which it was alleged were necessary to be returned, and as authority for a further return, relators' coun-

sel cited 9 Wend., 429. Defendants' counsel produced a copy of the alternative writ of mandamus, by which it appeared that none of the additional facts sought to be returned, were stated in the alternative writ, and objected to granting the motion, for the reason that such additional facts were not set forth in the writ.

K. MILLER, *Relators' Counsel.*   P. W. BISHOP, *Relators' Atty.*

J. H. REYNOLDS, *Defts Counsel.*   TOBEY & REYNOLDS, *Defts Attys.*

BRONSON, Chief Justice—Sustained the objection taken by Defendants' counsel, and denied the motion with costs, to be paid by relators.

The relators' counsel then moved for peremptory mandamus upon the return to the alternative writ made by the Defendants.

Defendants' counsel insisted that the alternative mandamus was defective, and for that reason a peremptory mandamus could not be awarded; (10 Wend., 25,) that the relators should set forth their title to the relief sought, and the facts on which they relied, and alleged that the alternative writ did not set them forth at all.

The alternative writ recited as follows:

" Whereas in a suit tried before you in your said court of common pleas, wherein Walter B. Evans, by his next friend, George Marshall appellee, was Plaintiff, and Gideon W. Salmon, appellant, was Defendant, you have in your said court of September term of said court, 1846, to wit: the 8th of October in said term of September, made a rule or order in said cause, that Joseph W. Smith and Edward L. Coburn pay the amount due on the judgment recovered by the said Evans against said Salmon, in your said court, and ten dollars costs of motion made at said September term, amounting in all to about $125, or that an attachment issue against said Smith & Coburn as for a contempt, to the great damage and grievance of the said Smith & Coburn; we therefore being willing, &c., do command you, firmly enjoining you, that immediately after the receipt of this writ, you do, without delay, vacate and cause to be vacated, the said rule granted by you, at, &c., or that you show cause, &c."

It was further insisted by Defendants' counsel, that upon the face of the writ there appeared no reason why the rule of the common pleas should be vacated; there was nothing alleged against the validity or propriety of the rule. That if the writ was defective, a peremptory mandamus would not be awarded, even after a return to the alternative had been made. 10 Wend., 25. On a motion for a peremptory writ, the Defendants might object to the sufficiency of the alternative writ in matters of *substance*, and if insufficient, the motion for a peremptory

would be denied; and further, that the error of the common pleas, if any, was *judicial*, and could not be corrected by mandamus. 1 Denio, 682, *and cases cited.*

It appeared in this case from the return of the Defendants', that the rule sought to be vacated in the common pleas, was granted to compel the relators to pay a balance of a judgment, which was a balance due on a taxed bill of costs, which accrued to the appellee in an appeal cause, from a justices' court, wherein one Salmon was appellant, and one Evans, appellee. The return showing that the relators were the appellants in fact, and party in interest; and that the suit, from its commencement, was defended before the justice, and prosecuted in the common pleas, in the name of Salmon, (who was a public officer,) for the benefit of the relators exclusively.

K. MILLER, *Relators' Counsel.*    P. W. BISHOP, *Relators' Atty.*

J. H. REYNOLDS, *Defts Counsel.*   TOBEY & REYNOLDS, *Defts Attys.*

BRONSON, Chief Justice.—The alternative writ is defective. It does not show a title in the relators, to have the thing done which the writ commands : (10 Wend., 25,) and besides, the facts stated in the return of the judges, show that the court had jurisdiction to act in the matter; and although it may have acted erroneously, (18 Wend., 672 ; 1 Hill, 646,) a mandamus will not lie.  (20 Wend., 678 ; 1 Denio, 679.)  *Motion for a peremptory mandamus denied.*