## Case No. 11,290.

### PORTER ads. UNITED STATES.

[2 Paine, 313.] [1]

Circuit Court, S. D. New York. [2]

TREASURY WARRANT OF DISTRESS—RELIEF—ACT OF MAY 15, 1820—POWER OF COURT—INJUNCTION—FINAL DECREE—APPEAL.

1. The 4th section of the act of congress of May 15, 1820 [3 Stat. 595], prescribing the mode of relief against a treasury warrant of distress, confers a power upon the court, and not upon the judge as an individual.

[Cited in U. S. v. Bolton, Case No. 14,623.]

2. The provisions in the act authorizing the person aggrieved, by the refusing or dissolving of an injunction to appeal, were designed to vary the rule of chancery practice in this respect, so as to place the party in the same situation as if a final judgment had been rendered against him.

3. The decision of the district judge, awarding a perpetual injunction against a treasury war-

---

[1] [Reported by Hon. Elijah Paine, Jr., District Judge.]

[2] [Date not given. 2 Paine includes cases from 1827 to 1840.]

rant of distress, is a final decree within the act of congress of March 3, 1803 [2 Stat. 244], which allows an appeal from all final judgments or decrees of a district court to the circuit court.

4. The act of congress of April 9, 1814 [3 Stat. 120], dividing the state of New York into two districts, intended that the two courts should stand in relation to the circuit court precisely as the single one had previously stood. Consequently, the district court of the Northern district is placed in the same relation to the circuit court as that of the Southern district, and an appeal lies from it to this court to the same extent.

[This was a proceeding by the United States against Peter B. Porter.]

BETTS, District Judge. The fourth section of the act of May 15, 1820, presenting the mode of relief against a treasury warrant of distress, authorizes the party aggrieved "to prefer a bill of complaint to any district judge of the United States," and the judge "thereupon" to grant an injunction. It is intended that the authorization in this respect is to the judge as an individual, and not a power conferred upon the court. I think that interpretation will not satisfy all the provisions of the act. Manifestly, an act of the court is contemplated, in awarding judgment against the complainant, and the adding of damages to the amount claimed by the United States. The fifth section, in empowering the judge to issue or dissolve the injunction in or out of court, implies that other doings in relation to the matter must necessarily be acts of the court. So the further provision in the fourth section, that "the same proceedings shall be had on such injunction as in other cases," except as to the answer, imports that the matter then becomes a suit in court, subject to the regulations and directions of the court. The sixth section more explicitly evinces the understanding of the legislature upon this point. After an appeal allowed, it says: "The same proceedings shall be had in the circuit court as are prescribed in the district court." No language can more distinctly denote that congress intended the legislation for the district court, and not for the judge as a commissioner.

It is not an unusual use of language, in the statutes, to put the judge for the court, and to make provisions for him to execute which can only be executed in court. Thus the district judge may adjourn the circuit and district courts, in cases of contagious sickness. Act Sept. 24, 1789 [1 Stat. 73].

The provisions in the act authorizing the "person aggrieved" by refusing or dissolving the injunction to appeal, is supposed to deny, by implication, the right of appeal to the United States. It appears to me to have a different bearing. [3]

---

[3] It is a constitutional right of the citizen to have his case at law or in equity reviewed by a court of error. Ringgold's Case, 1 Bland, 7, 12. A writ of error was, at common law, demand-

Granting and dissolving injunctions are interlocutory orders. No final decree is rendered upon such order. According to the principles of chancery practice, therefore, a party denied that species of relief could not

have his case reviewed, as all the remedy he could have in case of a warrant of distress, would be thus cut off. Congress varied the rules of practice so as to meet the exigency of this new equity, and place the

able of right, in all civil cases; and the proceedings in the court below were stayed by a writ of supersedeas. Id. The range of a writ of error limited to certain errors in fact, or to errors in law apparent upon the record; and could be brought only upon a final judgment, not rendered by default or by consent, or where the matter rested in the mere discretion of the court. Id. 8. The right of appeal is a statutory right, and where a party has failed to comply with the provisions of the statute within the time prescribed, the court will not allow a re-entry of the decree to enable him to appeal. Weed v. Lyon, Walk. (Mich.) 77. The cases in which an appeal was allowed, and the mode of prosecuting such appeals, from the colonial courts to the king in council. The Chancellor's Case, 1 Bland, 608. note. A person having no interest in the subject-matter of a suit. or whose interest has ceased since the commencement thereof, cannot bring an appeal. Reid v. Vanderheyden, 5 Cow. 719. An administrator de bonis non may appeal from a decree of the judge of probate, allowing the administration accounts of the original executor or administrator. Wiggin v. Swett, 6 Metc. [Mass.] 194. A testator bequeathed money to trustees, to be managed as an accumulating fund for the term of sixty years, and then to be paid by them to the town of N. or its duly appointed agents, for the purpose of purchasing land within the town for a pattern farm, to be so improved in practical details as to become a model to farmers generally. Held, that the town was entitled to appeal from a decree of the judge of probate respecting the testator's will. Inhabitants of Northampton v. Smith, 11 Metc. [Mass.] 390. An appellate court has no power to review its own decisions. Ex parte Sibbald, 12 Pet. [37 U. S.] 488. No court can reverse or annul its own final decree or judgment for errors of fact or law after the term in which it has been rendered, unless for clerical mistakes, or to reinstate a case dismissed by mistake. Id. Bills of review are exceptions to the rule. Id. The court for the correction of errors of the state of New York will not, after a decree made by them, upon the merits of a case, review their decision upon the cause coming up again a second time, on appeal. although when the first decree was made, the principal question presented for adjudication was the custody of the funds during the litigation: still, the merits having, on that occasion. been discussed by counsel, and passed upon by the court, the decision will be deemed final and conclusive upon the parties. Hosack v. Rogers, 25 Wend. 313. A decree is final, which, after establishing the rights of the party, only leaves other questions open which are requisite to carry the decree into effect. Patterson v. Gaines, 6 How. [47 U. S.] 585. An appeal will not lie upon a decree of the court of chancery upon a question of practice addressed to the discretion of that court. Fort v. Bard, 1 Comst. [1 N. Y.] 43. So, where a defendant has suffered a bill to be taken pro confesso against him. and a motion to set aside the default, on affidavits of excuse, and purporting to show a good defence. on the merits. having been denied by the chancellor, an appeal from his decision was dismissed. Fort v. Bard. 1 Comst. [1 N. Y.] 43; Schermerhorn v. Mohawk Bank, Id. 125. An appeal lies from a decretal order of the chancellor refusing to open the sale of mortgaged premises sold under a decree of foreclosure, and grant a resale on the application of a defendant. although the defendant has permitted the bill to be taken pro confesso. Tripp

v. Cook, 26 Wend. 143. So, injunctions and decisions touching them, though falling within the definition of practice and proceedings, are governed by judicial discretion, and are often not final, yet are subject to appeal. Verplanck, Senator. Id. 152. A defendant, against whom the bill had been taken pro confesso. is not allowed to come in for the purpose of taking an appeal. Hoye v. Penn, 1 Bland. 35. A defendant in chancery, in a bill to foreclose a mortgage, who suffers the bill to be taken pro confesso, and permits a decree of sale to be made without opposition, is not entitled to prosecute an appeal: and an appeal prosecuted by him will be dismissed on motion. Murphy v. American Life Ins. & Trust Co., 25 Wend. 249. An appeal lies from a decree in chancery taken by consent. Brewer v. State of Connecticut, 9 Ohio. 189. In Georgia, the right of appeal from a special jury to a hearing before another special jury, exists in equity. Pool v. Barnett, Dud. [Ga.] 8. Whether an appeal will be to the court for the correction of errors from a decision of the chancellor, resting in mere discretion, refusing to open a decree by default, and to let the defendant in to defend the suit, quære? Anderson v. White, 10 Paige. 575. An appeal does not lie to reverse an ex parte order of a vice-chancellor, which is merely irregular. The proper remedy of the party against whom such ex parte order has been made, is to apply to the vice-chancellor to vacate or modify it. Gibson v. Martin, 8 Paige, 481. A party who is aggrieved by an erroneous decree or order of a vice-chancellor, may appeal thereupon to the chancellor, although he did not appear to argue the case in the court below; except where the order or decree of the vice-chancellor is irregularly obtained, so that it can be set aside on that ground, upon a proper application for that purpose. Hyslop v. Powers. 9 Paige, 322. An appeal lies to the chancellor from an order of a vice-chancellor, made subsequent to a final decree in a cause. Tripp v. Vincent, 8 Paige. 176. In Massachusetts, under the statute of 1838 (page 163, section 4,) an appeal from a decision of a judge of probate. or master in chancery, rejecting a claim against the estate of an insolvent debtor, cannot be taken to the supreme court. unless the debt demanded exceeds the sum of $300 on the day of the first publication of notice by the messenger. that a warrant has issued against the debtor. Whiting v. Gray, 9 Metc. [Mass.] 291. No appeal lies from an interlocutory order, viz.: such as does not put a final end to the case, or establish any principle which will finally affect the merits of the case, or deprive the party of any benefit he may have at the final hearing. Robertson v. Bingley. 1 McCord, Eq. 333, 351; Berryhill v. M'Kee, 3 Yerg. 157; Gibson v. Randolph. 2 Munf. 310; Allen v. Belches, 2 Hen. & M. 595; Danels v. Taggart's Adm'r. 1 Gill & J. 311; Hagthrop v. Hook's Adm'rs, Id. 270; Richardson v. Jones, 3 Gill & J. 163; Roberts v. Salisbury. Id. 425. Contra, Gover v. Hall, 3 Har. & J. 43. An appeal 'will not, in general, lie from an interlocutory order in chancery, yet if such an order will finally affect the merits of the case, or deprive the party complaining of it of any benefit he may have at the final hearing, an appeal is allowable. Kennedy's Heirs v. Kennedy's Heirs. 3 Ala. 434. Vide 4 Paige, 473; Id. 450; 2 Rand. [Va.] 247; 2 Wend. 225; 1 Bland, 5; Id. 270. The right of appeal in equity is limited to final decrees, or to orders involving the merits; it does not extend to such orders as are merely interlocutory. or to decrees by consent or default. Slye v. Llewellin,

party in the same situation as if a final judgment had been rendered against him.

Further, if the act is susceptible of the construction that the power conferred on the district judge is one which he may exercise in all respects, as a commissioner and out of court, yet it also clearly empowers him to proceed upon the matter in court, and whatever is thus done must become an act of court. The statute renders the plead-

---

1 Bland, 18, note: McKim v. Thompson, Id. 150. No appeal allowed in the inferior federal courts, but from a final decree. Id. 16. An appeal may be taken from an interlocutory order which decides the right to the property in dispute, not, however, in the U. S. courts. Fargay v. Conrad, 6 How. [47 U. S.] 205. Where a plaintiff in equity is entitled to a judgment pro confesso, and the court below refuses to grant his motion to that effect, this is such an interlocutory order as the judge may permit him to appeal from. Governor v. Raleigh & G. R. Co., 3 Ired. Eq. 471. An order of a surrogate, vacating a sale of real estate made by an administrator, under a previous order of such surrogate, is an order from which the purchaser at such sale, who has complied with the terms of the sale, or any other person aggrieved thereby, may appeal to the court of chancery. Delaplaine v. Lawrence, 10 Paige, 602. If an appearance before the surrogate, upon the application to confirm the sale, is necessary, on the part of the purchaser, to give him the right to appeal from an order vacating the sale, the appearance of the administrator in behalf of himself and such purchaser, is a sufficient appearance to give the latter such right. Id. In sales made by masters, under decrees and orders of the court of chancery, the purchaser who bids off the property and complies with the terms of sale, is considered as having an inchoate right, which entitles him to a hearing upon the question whether the sale shall be set aside. And if the court errs, by setting aside the sale improperly, the purchaser has the right to appeal to a higher tribunal. Id. The court of appeals has no jurisdiction to grant appeals from interlocutory decrees. Gibson v. Randolph, 2 Munf. 310; Allen v. Belches, 2 Hen. & M. 595; Id. 615. The chancellor may grant an appeal from his own decree during the term, allowing the appellant time to give security after the expiration of the term. Stealy v. Jackson, 1 Rand. [Va.] 413. Appeal from an interlocutory decree in chancery denied, because the party asking it might, and more properly ought, to apply to the chancellor to suspend the effect of the decree under the act of 1827–28, c. 25, § 4. Graves v. Graves, 1 Leigh, 34. Chancery cannot grant appeals from interlocutory decrees in vacation, but in court only. William & Mary College v. Hodgson, 2 Hen. & M. 557; Dawney v. Wright. Id. 12. No person is authorized to appeal from a decree or order of the vice-chancellor unless he is injured or aggrieved by it. And a party who is aggrieved by one part of a decree only, cannot by appeal call in question another part of the decree in which he is not interested. Cuyler v. Moreland, 6 Paige, 273. If a party to a suit before the vice-chancellor is misled by any mistake or neglect of the clerk, as to the time of the entry of the final decree, whereby he does not perfect his appeal until after the expiration of the time for appealing, it would be a sufficient ground for an application to the vice-chancellor to have the decree re-entered so as to give him an opportunity of appealing within the time allowed by law. Barclay v. Brown, 7 Paige, 245. But the court has no power to extend the time of appealing from a final or interlocutory decree, upon the mere mistake of the party himself. Id. An appeal will lie from an order of the chancellor overruling a motion to dissolve an injunction, where the motion has been overruled, on the ground that the plaintiff is entitled to relief on the merits, and fixing a principle on which the cause depends, or where it is necessary to avoid expense and delay. Lomax v. Picot, 2 Rand. [Va.] 247. Neither consent nor long acquiescence can give the court of appeals jurisdiction. An appeal, therefore, having been improvidently granted, was dismissed on motion five years after it was entered on the docket. Clarke v. Conn, 1 Munf. 160; Blakey v. West, 3 Munf. 75; M'Call v. Peachy, 1 Call, 55; Grymes v. Pendleton, Id. 55. An order or decree in chancery, entered by consent, is not the subject of an appeal or re-hearing. Atkinson v. Manks, 1 Cow. 691. The declaration or order of a surrogate, on making a decree establishing a will, that each party shall pay his own costs, is not the subject of appeal: 1. Because this is not a decree in form. 2. Because a surrogate having no power in such case to award costs, a decree in form for costs, is coram non judice, and void, without reversal by appeal. Id. By the act of 1808, a party has the right to appeal "from any order or decree of any judge presiding on the circuit," whether it be interlocutory or final. Price v. Nesbit, 1 Hill, Eq. 453. No appeal lies from a temporary order of the court of chancery, awarding an injunction; and such an order having expired, the appeal was dismissed. Trustees of Huntington v. Nicoll, 3 Johns. 566. An appeal lies from an order of the court of chancery, refusing to dissolve an injunction, and awarding costs against the defendant. McVickar v. Wolcott, 4 Johns. 510. No appeal lies to this court from an order of the court of chancery for an attachment to bring up a party to answer interrogatories, for a contempt in disobeying a writ of injunction issued in a cause. Buel v. Street, 9 Johns. 443. An appeal will lie from an order of the court of chancery, refusing to open proofs in a cause for the purpose of re-examining a witness, who, since his examination, has disclosed facts material and pertinent to the issue depending in chancery, which he did not disclose when on examination; such order of the court of chancery affecting the merits of the cause. Beach v. Fulton Bank, 2 Wend. 225. It lies when the order appealed from materially affects the merits of the cause; or is of such a character that the party may be aggrieved by it. Id. Although the order appealed from was made by the court of chancery in the exercise of its discretionary powers, or touching the mode of its proceedings, an appeal will be entertained, if not of an equivocal character. It does not, however, follow that no appeal will be dismissed which does in fact or may by possibility affect the merits of the cause. Id. 226. If a bill of review, showing just cause, be offered, and refused by the chancellor, an appeal lies to the court of appeals. Lee v. Braxton, 5 Call, 459. A party aggrieved by one branch of a decree, does not thereby acquire a right to call in question another portion thereof, which has no bearing or effect upon his rights or interests. He can appeal only from such parts of the decree as affect him. Idley v. Bowen, 11 Wend. 227. The right of appeal in equity is limited to final decrees or to orders involving the merits. It does not extend to such orders as are merely interlocutory, or to decrees by consent or default. Ringgold's Case, 1 Bland, 5, 12; Slye v. Llewellin, Id. 18, note; McKim v. Thompson, Id. 150. Where an appeal is taken from an interlocutory decree of the county court to the court of chancery, and that court affirms the decree, and an appeal is taken to the court of appeals, the decree of the chancery will be considered as interlocutory. Fretwell v. Wayt, 1 Rand. [Va.] 415. A decree directing the conveyance of land by deed is a final decree, and may be appealed; but no appeal lies from the

ings perfect without any answer to the bill; but, with that variation, the same proceedings as in other cases are to be had; which

must mean that the matter then becomes a suit which may be carried on in court, as if instituted in the ordinary course of practice.

decision of the court, on an attachment to enforce the execution of the deed. Watson v. Thomas, Litt. Sel. Cas. 248. It seems that in an appeal from a final decree made in a suit before a vice-chancellor, the merits of an interlocutory decree made in such suit cannot be inquired into. Bank of Orange County v. Fink, 7 Paige, 87. Especially where the time for appealing from the interlocutory decree has expired. Id. Decrees in chancery for money, do not bear twelve and a half per cent. interest per annum, from the time of rendition in the court below, until their affirmance in the supreme court. Trainer v. Skein, 10 Yerg. 369. A decree ordering an account is not such a final decree or determination of the cause as will authorize an appeal from it. Berryhill v. M'Kee, 3 Yerg. 157. No appeal lies from a mere initiatory order, as for an attachment to bring a party into court to answer for an alleged contempt; but if the order for an attachment contain a final determination or adjudication that the defendant is in contempt, he may appeal therefrom. M'Credie v. Senior, 4 Paige, 378. An appeal lies from an order of the court of chancery, directing a suit to stand revived against the representatives of the deceased party, if the rights of the appellant are in any way affected by such revival of the suit. Rogers v. Paterson, 4 Paige, 450. Where a party has released all his interest in a suit, he has no right to an appeal from an order made therein which cannot prejudice him, although it may be wrong as against other parties. Steele v. White, 2 Paige, 478. A party who is aggrieved by a part of a decree only, cannot by his appeal call in question other parts of the decree in which he has no interest; although the appeal is broad enough to embrace them. Hone v. Van Schaick, 7 Paige, 221. An error in an interlocutory decree, where a final decree has been subsequently made, without such error being urged, is no ground of appeal or reversal. Bullitt v. Tharp, 1 A. K. Marsh. 604. Where the court of appeals reversed a decree of the court of chancery, and directed that the defendants account with the complainant, and that the chancellor have the account stated by the auditor, &c., which having been done, and a decree passed for payment of the sum stated to be due from the defendants to the complainant, an appeal lies from such a decree to the court of appeals. Gover v. Hall, 3 Har. & J. 43. A decree directing the surveyor to make partition of a tract of land and to make report is not final, and cannot be appealed from. Young v. Skipwith, 2 Wash. [Va.] 300. An order directing an issue is a proper subject of appeal. Drayton v. Logan, Harp. Eq. 67. A party cannot appeal on a mere question of costs. Lewis v. Wilson, 1 M'Cord, Eq. 210; M'Milan v. Eldridge, Harp. Eq. 260; Ashby v. Kiger, 3 Rand. [Va.] 165; Lyles v. Lyles, 1 Hill, Eq. 76, 92. The Revised Statutes of New York authorize an appeal from a decree as to the general costs in a cause, provided the appeal is entered within fifteen days after notice of the decree. Winslow v. Collins, 3 Paige, 88; S. P. Lain v. Lain, 10 Paige, 191. In analogy to the law in relation to appeals from decrees of courts of chancery in relation to costs, an appeal lies to the chancellor from a decision of a surrogate, in relation to the general costs of a suit or proceeding before him to call an executor or administrator to account. Id. A mere interest in the costs gives no right of appeal in respect to any other matter. Reid v. Vanderheyden, 5 Cow. 719. The refusal of the chancellor to grant a feigned issue in a proper case, when directly applied for, and where in the exercise of a sound discretion an issue should have been directed, is good ground of appeal. Townsend v. Graves,

3 Paige, 453. It seems that a party who has not asked for an issue in the court below, cannot sustain an appeal on the ground that such issue would have been proper. Id. The omission of the court below to award an issue to settle a disputed claim of right between the parties, is not a ground of appeal, if neither party asked for such issue on the hearing of the cause. Belknap v. Trimble, Id. 577. A rejection by the legislature of a claim against the state, is no bar; but the creditor may, notwithstanding, apply to the auditor, and if refused, appeal to the courts. Com. v. Beaumarchais, 3 Call. 122. Causes in equity cannot be removed by writ of error from a circuit court for re-examination in the supreme court of the United States. The appropriate mode of removing such causes is by appeal. The San Pedro, 2 Wheat. [15 U. S.] 132. It seems that an award respecting an allotment of lands between joint owners might be reviewed in chancery, where the allotments were so disproportioned in value, as to strike the senses at once as a matter of injustice, or showing positive injustice in the arbitrators. Bumpass v. Webb, 4 Port. [Ala.] 65. The supreme court has no jurisdiction of a case brought up by writ of error, for reversing an order of the circuit court exercising chancery jurisdiction, dissolving an injunction, and the proper mode of bringing up such a case is by appeal from the order of dissolution. Russell v. Peirce, 7 Port. [Ala.] 276. An appeal ought not to be allowed from a dismission of a bill of injunction under the act of assembly, the injunction having been dissolved and no cause shown against such dismission at the next term. Anderson v. Ellington, 2 Hen. & M. 16. In such case, if the complainant wishes to appeal, he should carry on his suit in the usual course of the court to a final hearing; and it seems that his intention to appeal, declared by his counsel, would be sufficient to prevent the dismission, and authorize his carrying on the suit. If he fails to do this at the time of the dismission, he may move at the next term, upon notice of the adverse party, to set it aside, when it may be done if it appear reasonable. Id. An appeal ought to be allowed by the court of appeals from an order of a superior court of chancery, rejecting a motion to allow a bill of review where the right of property had been decided, and a writ of habere facias possessionem awarded; but an account remained to be taken, and the commissioner's report had not come in, such report being interlocutory only. Bowyer v. Lewis, 1 Hen. & M. 554. An appeal cannot be sustained by a person who cannot be injured by the alleged error of the judge a quo, unless he is the legal representative of a party who may be injured thereby. Id. An appeal granted becomes a nullity upon failure to give the appeal bond as required, and will not be considered in this court. Wickliffe v. Clay, 1 Dana, 589. Quaere? If an appeal can be taken from a decree dissolving an injunction with costs? Davenport v. Mason, 2 Wash. [Va.] 201. There is no saving in the act limiting appeals in favor of persons non compos mentis. Owing's Case, 1 Bland, 408. The incompetency of a witness is no ground of appeal, if he were not objected to at the hearing. Henshaw v. Robertson, Bailey, Eq. 311. That the evidence upon questions of fact is involved in much doubt, constitutes, perhaps, the best reason why the court of appeals should not review the chancellor's decision in relation to it. Lord v. Lowry, Id. 510. A complainant who has parted with all his interest in the subject of litigation, pendente lite, cannot appeal from a decision which injuriously affected such interest. Card v. Bird, 10 Paige, 426. Nor can a party appeal from those parts of a decree which do not affect his interest. Id.

So it was understood by the judge of the Northern district.

The record brought up to this court exhibits all the features of a regular suit. Proofs are taken, orders are entered, commissions issued, full argument is heard, and a final decree is pronounced. By the act of March 3, 1803, an appeal from all final judgments or decrees of a district court is allowed to the circuit court; and, as this is a final decree, the case comes within the statute, unless there is something in the organization of the district court of the Northern district which prevents the application of the act to it. The act of April 9, 1814, divided the state of New York into two districts. There would have been no ground, upon the general language of the act, to doubt that congress intended the two courts to stand, in relation to the circuit court, precisely as the single one had stood. The judge of the Southern district was directed to hold the northern court, in case of the absence or inability of the judge of the Northern district. The 3d section is, however, calculated to create some question as to the extent of the appellate jurisdiction of the circuit court; for it is provided "that writs of error shall lie from decisions therein to the circuit court," without any mention of appeals. There is, accordingly, great force in the inference that, by the special provision for writs of error, congress intended to exclude cases of appeal, and that, under the act organizing the court of the Northern district, the decisions in admiralty and equity cases made in that court would be final. This was clearly an accidental omission in penning the act. By the act of March 3, 1823 [3 Stat. 774], appeals were given from final decrees or judgments of that court to this court. The act of May 22, 1826 [4 Stat. 192], gives an appeal or writ of error directly to the supreme court from the decisions of that court sitting as a circuit. It accordingly follows that the district court of the Northern district is placed upon the same relation to the circuit court as that of the Southern district, and an appeal lies from it to this court to the same extent.

The question now presented appears to have been before the circuit court of the Sixth circuit and that of the District of Columbia, and directly opposing decisions have been made upon the point by those courts. The views taken by those courts of this subject are not furnished us, and as they stand in conflict, neither can be urged as an authority upon this court.

I am of opinion that the decision of the district judge is a final decree of the district court, from which an appeal lies to this court.