May Term,
1834.

SUMMERS
v.
GLANCEY.

---

## SUMMERS v. GLANCEY.

If the condition of a bond in domestic attachment, recite that the plaintiff *had* sued out the attachment, &c., parol evidence is not admissible to prove, that the bond was executed *before* the issuing of the writ; but if the writ itself show that it issued *after* the execution of the bond, the recital to the contrary in the condition of the bond, will be no ground for quashing the writ.

APPEAL from the *Shelby* Circuit Court.

M'KINNEY, J.—Domestic attachment. In this case it appears that the defendant moved to quash the writ, on the ground that it appeared from the condition of the bond, that the writ was issued before the bond was filed in the clerk's office; and that the plaintiff then moved the Court to permit the clerk to endorse upon the bond, *nunc pro tunc,* that the same was filed, executed, acknowledged, and approved, according to law, before the writ issued. The Court sustained the defendant's motion, and quashed the writ, refused the plaintiff's motion, and further refused, upon the plaintiff's introducing witnesses, including the clerk of the Court, to prove that the bond was actually filed in the clerk's office before the writ was issued, to hear any evidence upon the subject, for the reason that the allegation of the bond, that the writ of attachment was issued

Thursday,
May 29.

46 ·

May Term, 1834.

before the bond was filed, estopped the plaintiff from contradicting or explaining that allegation.

The bond is dated the 13th of *April*, 1833, and is endorsed by the clerk, filed in his office on that day. The writ objected to is dated and was issued on the 16th day of the same month. The condition of the bond containing the recital is as follows: "Now the condition of this obligation is this, whereas the said *Abel Summers* hath on this day sued out of the office of the clerk of the Circuit Court of the said county, a writ of domestic attachment against the goods, &c. of the said *Joseph Glancey*, now if," &c., pursuing the statute. We think the recital forms a part of the bond, and that parol evidence was inadmissible to contradict it. On this point the Circuit Court was correct, and if the writ had been issued on the 13th, the day the bond was filed, instead of being issued on the 16th, it should have been quashed. In support of this, the case of *Hucheson* v. *Ross*, 2 Marsh. Rep. 349, is in point. Here, however, is a writ issued on the 16th, three days after the bond was filed. The writ and bond are both a part of the record. The bond is made so by a bill of exceptions. Although parol evidence could not be permitted to contradict the bond, yet the record,—the writ and bond being a part of it,—may be used to show that the recital in the bond, "that a writ had on that day issued," did not correspond with the fact furnished by the writ itself, that it did not issue until the 16th. No principle of law is violated by construing them together, but justice is promoted by enabling the plaintiff to avail himself of the benefit of the act, he showing that he has strictly complied with its provisions. We are therefore of opinion, that the Circuit Court erred in quashing the writ.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick*, for the appellant.

*C. Fletcher* and *O. Butler*, for the appellee.