1844.

Delaplaine
v.
Lawrence.

---

DELAPLAINE *vs.* LAWRENCE, administrator, and others.

An order of a surrogate vacating a sale of real estate made by an administrator under a previous order of such surrogate, is an order from which the purchaser at such sale, who has complied with the terms of the sale, or any other person aggrieved thereby, may appeal to the court of chancery.

If an appearance before the surrogate, upon the application to confirm the sale, is necessary on the part of the purchaser, to give him the right to appeal from an order vacating the sale, the appearance of the administrator in behalf of himself and such purchaser is a sufficient appearance to give the latter such right.

In sales made by masters, under decrees and orders of the court of chancery, the purchaser who bids off the property and complies with the terms of sale is considered as having an inchoate right, which entitles him to a hearing upon the question whether the sale shall be set aside. And if the court errs, by setting aside the sale improperly, the purchaser has the right to appeal to a higher tribunal.

It seems that where a purchaser at a sale under a surrogate's order desires notice, to enable him to attend before the surrogate and litigate the question of confirmation, he should file a caveat and request that he may be summoned, or notified of the time and place of hearing, when the report of sale shall be brought before the surrogate for confirmation.

April 2.

THIS was an application to dismiss the appeal of J. F. Delaplaine, one of the purchasers of a part of the real estate of the late J. Lawrence deceased, from an order or decree of the late surrogate of New-York vacating the sale made by the administrator. By a previous order of the surrogate, it appeared that the decedent's debts exceeded $400,000 ; and the administrator was directed to sell his real estate, consisting of a great number of lots in the city of New-York, for the payment of such debts. The administrator thereupon advertised the property for sale at public auction, and sold the same, or a very considerable part thereof. Among other property thus sold was a tract of about eight acres, called the Turtle Bay property, fronting

on 47th, 48th and 49th streets and upon the First avenue; which tract was divided into 109 lots and fractional lots, and sold in parcels. The appellant became the purchaser of 24 of these lots and fractional lots, at different prices; and Otis T. Peters purchased 34 others of these lots, which he afterwards transferred to the appellant with the assent of the administrator. The residue of the lots in that tract were struck off in parcels to six or seven different purchasers. The confirmation of the different sales of the decedent's property was opposed by the respondent W. B. Lawrence, one of the heirs at law. And in behalf of his mother, W. B. Lawrence offered ten per cent advance upon the aggregate amount of the sales of the lots in the Turtle Bay tract, provided the whole tract should be put again up and sold in one parcel. The surrogate confirmed the sale as to all the other property. But he set aside the sale of all the lots in the Turtle Bay tract, and directed a resale of that property in one parcel—the respondent C. B. Lawrence paying into court the ten per cent and giving security that the property upon a resale should produce ten per cent advance, over and above the expenses of the resale. From the part of the order of the surrogate directing a resale, Delaplaine as one of the purchasers, and as assignee of the rights of Peters another purchaser of lots in the Turtle Bay tract, appealed to the chancellor.

*J. Rhoades*, for the appellant.

*J. V. L. Pruyn*, for the administrator.

THE CHANCELLOR. The neglect of the appellant to procure the transcript within the time prescribed in the 118th rule is satisfactorily explained, and was not owing to any fault on his part. The only question necessary to be considered, upon this application, therefore, is whether a purchaser who has bid off property at an administrator's sale, and has complied with the terms of the sale on his part, can appeal to the chancellor from an erroneous decision of

1844.

Delaplaine
v.
Lawrence.

1844.

Delaplaine
v.
Lawrence.

the surrogate setting aside such sale. I say an erroneous decision ; for, upon this application, this court must assume that the appellant will be able to show, upon the hearing of the case, that the decision appealed from was erroneous, if such an appeal will lie in any case.

It is said the appellant did not appear as a party before the surrogate, upon the application to confirm the sale on the return of the administrator, and that he cannot therefore appeal. The statute gives no directions as to the notification of any person interested in the estate, or in the confirmation of the sale, to attend the surrogate upon the return of the proceedings by the executor or administrator. But it is evident that the legislature contemplated that there might be litigation before the surrogate upon the question as to the propriety of a confirmation. And the affidavit of the appellant states that this administrator promised to endeavor to procure the confirmation of the sale ; which he undoubtedly did endeavor to do, in good faith. If an appearance before the surrogate was necessary, therefore, to enable the purchaser to appeal, which I think it was not, the appearance of the administrator in behalf of himself and the purchasers was sufficient.

In sales made by masters, under decrees and orders of this court, the purchasers who have bid off the property and paid their deposits in good faith, are considered as having acquired inchoate rights, which entitles them to a hearing upon the question whether the sales shall be set aside. And if the court errs, by setting aside the sale improperly, they have a right to carry the question by appeal to a higher tribunal. Perhaps in a proceeding of this kind, before the surrogate, where the purchaser wishes to have notice, so as to enable him to attend and litigate the question as to the confirmation, he should file a caveat and request that he may be summoned or notified of the time and place of hearing. But here, the administrator himself appeared, in behalf of all the purchasers, to obtain a confirmation of the sale. And the appellant states, that he and another purchaser whose right he subsequently acquired, complied

with the conditions of the sale, by paying the auctioneer's fees, and ten per cent upon the amount of their respective purchases.

If the Turtle Bay tract was properly sold in parcels, by the administrator, and not as one entire tract, in case any separate lots, or parcel of lots sold together, were bid off at the full value thereof, I am inclined to think that the purchase as to that part of the property should have been confirmed ; although other parcels of the premises were sold so far below their value that the aggregate amount of the purchases of the whole 109 lots, made by different persons, was less by ten per cent than the actual value of the entire tract. That, however, is a question which will more properly arise upon the consideration of the appeal upon its merits. And it is only alluded to here because, from the affidavit of the appellant, it appears that one of the respondents, and the only one who resisted the confirmation of the report, endeavored to persuade the appellant that the lots purchased by him had been bid off at prices which were beyond their actual value.

The statute, allowing appeals to this court from the orders, decrees, and sentences of surrogates, is very general in its terms.   It declares that such appeals may be made in all cases except where provision has been made in the statute for appeals to circuit judges, and appeals from orders concerning the admeasurement of dower. (2 *R. S.* 610, § 104.)   There can be no doubt, therefore, that the order of the surrogate vacating the sales of the whole 109 lots, which the decree itself declares to have been made by the administrator in a fair and legal manner, and directing the whole to be sold in one entire parcel, was an order from which any person aggrieved thereby had a right to appeal.   And I think this purchaser had such an interest in the confirmation of the sale of the lots bid off by himself, at the sale, if not in those bid off by Peters, as to entitle him to appeal from that order.

The motion to dismiss the appeal is therefore denied ; and the taxable costs of the appellant in resisting the application are to abide the decision upon the appeal.