## FLOURNOY vs. MIMS ET ALS.

1. M and others as his securities executed a forthcoming bond payable to Jacob A. *Tuberney*, conditioned to pay to the sheriff the amount of an execution in his hands in favor of Jacob A. *Flournoy*, or to deliver to him certain property on which it had been levied: *Held*—

  1. That parol evidence is inadmissible to show that the name inserted in the penal part of the bond was intended for that of the plaintiff in execution.

  2. That the bond is not amendable without the consent of the obligors.

Error to the Circuit Court of Macon. Tried before the Hon. John J. Woodward.

COCKE, for plaintiff in error:

1. The name of the obligee in the penal part of the bond *being illegible*, it was clearly competent to prove by parol what name was intended.—Chitty on Bills, 176-7, note k; 10 Ala. 828; Boyd v. Gilchrist, 15 Ala. 849, and authorities there cited; Smith v. Redus and Wife, 9 Ala. 99; 4 B. & C. 235; 2 Stark. 29.

2. But if it be conceded that parol evidence is inadmissible for that purpose, the bond is good without it. The condition

shows who the obligee was, and by it the bond, if necessary, should have been amended in the court below, and will be considered as amended here, though no amendment has in fact been made.—Smith v. Redus and Wife, 9 Ala. 99; 3 Cowen, 42, note; Chitty on Con. (last ed.) 83-4; 2 N. Hamps. 310; Elliott v. Elliott, 1 Dallas, 379. The bill of exceptions shows that there was no controversy about the fact that this identical bond was taken for the forthcoming of property levied on by the sheriff by virtue of the execution in favor of Jacob A. Flournoy, described in the condition, and the statute requires that the bond shall be made payable to the plaintiff in execution. It was clearly a *clerical misprision*, and amendable.—See authorities *supra*.

Gunn and Rice, for defendants:

1. A forthcoming bond payable to J. A. Toberney will not sustain an execution in favor of J. A. Flournoy; and where an execution is in favor of J. A. Flournoy, a levy made, and forthcoming bond taken payable to J. A. Toberney, and an execution issues thereon in favor of J. A. Flournoy, such execution will be quashed; neither will parol proof be admitted to show that J. A. Flournoy was in fact intended as the obligee in such bond—such evidence being wholly inadmissible, except in a direct proceeding in a court of equity to reform the instrument. Gayle et al. v. Hudson et al., 10 Ala. 116; Lunsford v. Richardson and O'Neal et al., 5 ib. 618; Nicholson v. Burke, 15 ib. 353; Branch Bank at Mobile v. Darrington, 14 ib. 192. By an examination of the record it will appear that there is no exception as to the exclusion of the evidence offered—simply an offer of evidence on which no exception was taken, and is not revisable.

2. In order to authorise the issuance of an execution upon a forthcoming bond, the same should conform fully to the statute; and where the parties are misdescribed, or the penalty of the bond is not in double the amount of the damages and costs by $40 62, as disclosed in the present case, such execution will be quashed. Neither is there any error in quashing said bond as a statutory bond, and thus preventing the vexation of persons by the issuance of irregular executions, as all executions ought to be quashed which issue on such bonds; neither is there any

error in protecting persons by quashing the bond as a statutory bond, which alone amounts to a judicial declaration that no more executions should issue thereon.

CHILTON, J.—This was a motion in the court below to quash a delivery bond, at the instance of Williamson Freeman, one of the defendants in error. The objection to the bond was that it was not made payable to the plaintiff in the execution, and that therefore no execution could properly issue upon it under the statute. The bond is set out in the record and is made payable to *Jacob A. Toberney*, conditioned that the obligors pay to the sheriff, William Fitzpatrick, the sum of $1455 90 damages, besides the further sum of $19 81 cost of suit, the same being the amount of an execution in the office of the said sheriff against them, in favor of Jacob A. Flournoy, from the Circuit Court of Macon county, and all costs that may accrue on said execution, with interest on the damages, or deliver unto the sheriff aforesaid certain slaves which are named in the bond.

The Circuit Court quashed the bond for the informality above noticed, and refused to permit parol evidence to show that the name of the payee as inserted in the penalty of the bond, was misdescribed through mistake, and that the plaintiff in the *fi. fa.* was the person really intended.

The court did right in rejecting the parol evidence offered to alter, explain, or in any way to vary the bond. In Gayle et al. v. Hudson et al. 10 Ala. Rep. 116, where the authorities are collated it was held that a bond payable to Hudson and *Jones* could not be sued upon in the names of *Hudson & James*, alleging that the latter, and not Jones, was the person intended as the payee: That such mistake might entitle the party to the reformation of the bond in a court of equity, but did not authorise him to maintain his action at law in the name intended to have been inserted, and parol evidence of the intention was excluded.—In Lunsford v. Richardson & O'Neal, the forthcoming bond was quashed because of a variance between the execution and that which the bond recited, which variance consisted in a misdescription of the amount and the defendants.— 5 Ala. Rep. 618. So in the case of Nicholson v. Burke, 15 Ala. Rep. 353, the execution was described in the bond as issuing on the 20th Dec. 1840, against Roane & Burke, whereas

it issued on the 20th Dec. 1839, against Roane only. This was held such a discrepancy as to avoid the bond, and that no execution could properly issue upon it.—See also Watson v. The Br. B'k. Mobile, 7 Ala. Rep. 593.

The principle which is decided by the cases above cited we think applies to the case before us. Here the execution is in the name of Flournoy; the penalty of the bond is made payable to a totally different person. The name of the obligee is not illegible, so as to justify the explanatory proof. Neither does the condition of the bond show who the obligee was. It shows who the plaintiff in the execution was, but describes him by a name different from that of the payee in the bond, so that we think the plaintiff in error can derive no advantage from that fact. Indeed this is the ground of the objection that the bond shows they are different.

But it is insisted that the bond is amendable, and as it was the duty of the sheriff to take the bond payable to the plaintiff in the execution, and as the recitals in the condition of the instrument show who he was, the court below should have amended the bond, and this court should consider the matter of the variance as amended. We do not think the bond was amendable, without the consent of the obligors. There was nothing by which to amend, and if there was it is clear any material alteration of it would discharge the obligors. The cases cited of amending judgments are not analogous to this. The case of Smith, Redus & Wife, 9 Ala. R. 99, decides merely that where the names of the parties stated in the margin of the judgment entry are not fully set out, the pleading may be looked to to cure the defect, and that parol proof may be introduced to show that the judgment was intended to apply to the particular cause indicated by the pleadings. In Hart v. Reynolds, the judgment was by confession under a warrant of attorney, but instead of being confessed in the name of *John* Reynolds, it was entered up in the name of *Elisha*. *Held*, that it was amendable by the consent of the defendant, by reference to the warrant of attorney.—3 Cow. Rep. 42. So, in the Society for propagating the Gospel v. Young, 3 Conn. Rep. 310, it was held that in a partition amongst the proprietors of land, though one of them be misnamed, yet if from all the proceedings he can be identified, he is entitled to recover the share

which seems to have been intended for him. In that case the allotment appears to have been made to the plaintiff, not by its true corporate name, but by a name of reputation, and it was left to the jury to determine whether the description in the partition of the party was intended for the demandant. It is manifest that these authorities, the pith of which I have extracted, do not militate against the view above taken in this case. The bond for the forthcoming of the property must conform to the requirements of the statute, or no execution can be issued upon it by the summary remedy provided by law.—Br. B'k Mobile v. Darrington, 15 Ala. Rep. 192. This bond is variant from the statute, and we think was properly quashed.

Judgment affirmed.