## WILLIAMS *vs.* THE STATE.

1. A judgment in favor of the prosecutrix in a bastardy proceeding, "for her costs in this behalf expended," and requiring the defendant to enter into bond "conditioned that he pay to the judge of probate fifty dollars on the *first day* of January in each year for the term of ten years," &c.,—is materially different from a judgment requiring him to enter into bond "conditioned to pay fifty dollars a year for the period of ten years on the *first Monday* in January in each year," &c.

2. If the appeal bond, as set out in the record, describes a judgment materially different from that shown by the record to have been rendered in the cause, and does not show any undertaking for the costs of an appeal from the real judgment, it cannot be regarded as security for the costs, and the appeal will be dismissed.

APPEAL from the Circuit Court of Fayette.
Tried before the Hon. B. W. HUNTINGTON.

IT is unnecessary to state the facts of the case as shown by the assignments of error and bill of exceptions. The appeal was dismissed by the court *ex mero motu.*

E. W. PECK, for the appellant.

M. A. BALDWIN, Attorney General, *contra.*

RICE, J.—This is a proceeding in bastardy, and an appeal in such case is governed by section 3821 of the Code, which is in the following words:

"Either party may appeal to the Supreme Court within thirty days after judgment. If the appeal is taken by the State, the complainant must give security for the costs of the appeal if the judgment is affirmed; and the defendant also, if the appeal is taken by him, must give the same security, to be approved by the clerk of the Circuit Court, the names of the securities certified with the record to the appellate court; and execution may issue for the costs of the appeal against them from such court, if the judgment of the Circuit Court is affirmed."

The clerk has certified the names of the sureties for the costs of an appeal, and shows how they became such sureties by certifying as part of the record the copy of two bonds which appear to have been intended as bonds to secure the payment of the costs of an appeal in the cases respectively described in them. The first of these bonds is dated and approved on the 12th day of October, 1854, the same day on which the judgment of the Circuit Court was rendered. The second bond is dated and approved on the 23d day of December, 1854—more than "thirty days after judgment."

The first bond recites, that the appeal therein mentioned is taken in a case of bastardy on the complaint of one Susannah Winstead, in which John H. Williams had been convicted in the Circuit Court of Fayette county on the 12th day of October, 1854, and on conviction had been required by the judge of said court " to enter into the bond provided for such cases by section 3808 of the Code of Alabama"; and that he had given said bond with security, duly approved by said judge, in the sum of one thousand dollars, payable to the State, and " conditioned to pay fifty dollars a year for the period of ten years, on the first *Monday in January* in each year, for the support and education of said child." This first bond does not recite or show that any judgment for costs was rendered against said Williams in the case described in it, and in which the appeal it mentions was taken.

This bond does not describe the judgment which was actually rendered by the Circuit Court in the present case. For that judgment is a judgment in favor of the State, for the use of Susannah Winstead, for " her cost in this behalf expended", and does not require the said Williams to enter into

Williams v. The State.

the bond provided for such cases by section 3808 of the Code, but does require him to enter into a bond materially different in a legal sense—to-wit, a bond "conditioned that he pay to the judge of probate fifty dollars on the *first day* of January in each year, for the term of ten years, for the maintenance of said bastard child." The judgment entry shows that he entered into the bond which the judgment required of him as above described.

It is clear, that if this court were to affirm the said judgment rendered by the Circuit Court, no judgment for costs could be rendered here against the sureties in the first bond, and no execution for the costs of the appeal could issue against them from this court; because the judgment described in that bond is materially different in its terms and legal effect from the judgment rendered by the Circuit Court in this case. A bond conditioned to pay fifty dollars on the *first Monday* of January in each year for ten years, is materially different from a bond conditioned to pay fifty dollars on the *first day* of January in each year for ten years. Sureties who are bound in respect to the former, are not thereby bound in respect to the latter.—Curry v. Barclay, 3 Ala. 484; Tarver v. Nance, 5 *ib.* 712.

As the bond first above mentioned (to-wit, the one bearing date 12th October, 1854) does not describe the judgment rendered by the Circuit Court in this case, or show any undertaking for the costs of an appeal from that judgment, that bond cannot be regarded as security for the costs of an appeal from that judgment;—and therefore no appeal was taken by that bond.—Carey v. McDougald, 25 Ala. 109.

The second bond, which is dated and approved 23d Dec. 1854, contains a description of the judgment rendered below, which would be sufficient to make it a good bond for the costs of an appeal from the judgment, if it had been executed and approved within thirty days after the judgment was rendered; but not being executed until after the thirty days, we must dismiss the appeal at the costs of the appellant.

Let the appeal be so dismissed.