## SATTERWHITE vs. THE STATE.

[APPEAL FROM JUDGMENT OF CONVICTION UNDER BASTARDY ACT.]

1. *Form of security for costs.*—From a judgment of the circuit court, in a proceeding under the bastardy act, an appeal may be taken (Code, § 3821) by merely giving security for the costs; and the security may be either a bond, or a simple acknowledgment in writing.

2. *Sufficiency of appeal bond as security for costs.*—When an appeal bond is designed to operate merely as security for the costs, and not to supersede the judgment, although a misdescription of the judgment would be fatal, yet a mere omission to recite in the bond the several days on which the judgment required the respective sums to be paid would not have that effect, if the judgment were otherwise correctly described, by its aggregate amount, names of parties, term of the court when rendered, &c.; such an omission may be supplied by a comparrison of the bond with the clerk's certificate, or with other parts of the record.

3. *Sufficiency of evidence to authorize conviction.*—It is not error to refuse to instruct the jury, at the defendant's request, "that they ought to acquit unless the proof showed beyond a reasonable doubt that he was guilty"; but it is erroneous to instruct them, "that, if the State produced a preponderance of evidence, they might upon such preponderance of proof find the defendant guilty."

4. *Examination of parties as witnesses.*—Where the mother and the putative father of the child, both being made witnesses by the statute (Code, § 3807), are examined on the trial, their testimony must be wieghed by the jury like that of other witnesses.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. ROBERT DOUGHERTY.

WILLIAM SATTERWHITE, the appellant, was arrested under a warrant issued by a justice of the peace, on the affidavit of Mary Ann Hill that he was the father of a bastard child with which she was then pregnant, and which was afterwards born in December, 1854. He gave bond for his appearance before the circuit court to answer the charge; and on the trial, which was had at the October term, 1855, an issue being made up as directed by the statute, the jury found that " the defendant is the real father of the said child."

On the trial, the mother of the child was introduced as a witness for the State, and testified, " that the defendant was the father of the child, and that she had never had any connection with any other person." On the other hand, the defendant, who was also examined, " swore that he had never on any occasion had connection with the mother of said child, and positively contradicted her in every particular sworn to by her showing a criminal connection." Witnesses were examined by each party for the purpose of contradicting the other's testimony; and each was thus contradicted in several particulars which it is unnecessary to notice. " The State introduced witnesses to prove, in rebuttal, the good character of the mother of said child for truth and veracity; and the defendant proposed to prove by them, on cross-examination, that his character for truth and veracity was known to them, and that it was good. The court refused to permit the defendant to prove his character on cross-examination of said witnesses, but ruled that he might make the witnesses his own, and then prove his character by them. This the defendant afterwards did, and excepted to this ruling.

" The court charged the jury, that the mother of the child and the defendant being both made witnesses by the statute, they must weigh their testimony as that of other witnesses; and to this charge the defendant excepted.

" The defendant asked the court to charge the jury, that they ought to acquit unless the proof showed beyond a reasonable doubt that he was guilty. The court refused to give this charge, and instructed the jury, that if the State produced a preponderance of evidence, they might upon such preponderance of proof find the defendant guilty. The de-

fendant excepted to this charge, and to the refusal to give the charge asked."

The charges given, with the refusal to give the charge requested, are now assigned for error.

On the part of the State, a motion was submitted to dismiss the appeal for want of security for costs, founded on a variance between the judgment rendered in the cause and the judgment described in the appeal bond. The judgment of the court was as follows : " It is therefore considered by the court, that the defendant pay the sum of $45 a year, for ten years, for the support and education of said bastard child, and that he enter into bond, with security, in the sum of $1,000, payable to the State of Alabama, and conditioned to pay said sum of $45 a year, on the first Monday in January in each year, for ten years, to the judge of probate of said county of Macon, for the support and education of said child; and it is further considered by the court, that the State of Alabama recover of the defendant the sum of $351 41, the costs of this suit." In his final certificate appended to the transcript, the clerk certifies, " that a judgment was rendered, at the Fall term of the circuit court of said county, in favor of the State of Alabama, against William Satterwhite, for the sum of $450; and that an appeal was taken by the said William Satterwhite, and bond given by him with Anderson Satterwhite as his surety, dated the third day of November, 1855." An appeal bond is copied in the transcript, in the condition of which it is recited, " that the said State of Alabama has obtained a judgment against the said William Satterwhite, in the circuit court of said county, at its Fall term, 1855, for the sum of $450."

WILLIS & WILLIAMS, and THOS. H. WATTS, for the appellant:

1. On the motion to dismiss the appeal : The clerk's certificate shows that an appeal was taken within the time prescribed by law, and that security for the costs was given; and this is sufficient to give this court jurisdiction. In such cases as this, no *supersedeas* can be obtained, and therefore no bond is necessary; a simple acknowledgment in writing is all that is required.—Riddle v. Hanna, 25 Ala. 484; Spencer v. Thompson, 24 *ib.* 512; Hall v. Wallace, 25 *ib.* 438. The bond copied

in the record, though somewhat informal, does not affect the validity of the appeal, since the clerk's certificate shows a compliance with all the requisitions of the statute.

2. That the court erred in its charge to the jury, see Mays v. Williams, 27 Ala. 267.

CLQPTON & LIGON, *contra*, made the following points ;

1. The appeal · ought to be dismissed.—Williams v. The State, 26 Ala. 85.

2. By the statute, both the prosecutrix and the defendant are entitled to their oaths. They stand as other witnesses, subject to be contradicted, impeached, or corroborated by other testimony; and the testimony of neither is conclusive. Judson v. Blanchard, 4 Conn. 565; Howard v. Packard, 17 Pick. 380; The State v. Coatney, 8 Yerger, 200; 2 Archbold's Criminal Pleadings, 299.

3. The charge requested by the defendant, and the charge given by the court in lieu of it, present the question, whether proceedings·under the bastardy statute are civil or criminal. That such proceedings are substantially civil suits, and are governed by the rules which regulate civil suits, though some of their forms are borrowed from the criminal law, see the following cases :—Walker v. The State, 6 Blackf. 2; Marston v. Jenness, 11 N. H. 156; Robie v. McNiece, 7 Vermont, 422; Hinman v. Taylor, 2 Conn. 360; Hill v. Wells, 6 Pick. 104; Trawick v. Davis, 4 Ala. 328; Robinson v. Crenshaw, 2 Stew. & P. 276.

RICE, C. J.—From a judgment of the circuit court in a proceeding in bastardy, an appeal to the supreme court may be taken, by merely giving security for the costs of the appeal, to be approved by the clerk of the circuit court.—Code, §3821. Such security is not required to be in any prescribed form. It may be given by bond, or by a simple acknowledgment in writing. Whether it be in one form or another, if it be security for the costs of the appeal, and is approved by the clerk of the circut court, it is sufficient.—Riddle v. Hanna, 25 Ala. R. 484; Spencer v. Thompson, 24 Ala. R. 512.

In Williams v. The State, 26 Ala. Rep. 86, the bond first given as a security for the costs of the appeal was held fatally

defective, because there was a *mis-recital* in it of the respective days on which the judgment required the defendant to pay the respective sums adjudged against him.    Those days, *being inserted in the bond*, became material.    The recital, as to them, constituted a part of the contract.    That recital was false, and, therefore, there was a fatal *variance*—actual *repugnancy*, between the judgment described in the bond and the judgment rendered by the circuit court.—The People v. Monroe Common Pleas, 3 Wend. R. 426; Weissenger & Crook, *ex parte*, 7 Ala. R. 710; Flournoy v. Mims, 17 Ala. R. 36.

But the mere *omission* of any recital in that bond, as to the days on which the judgment required the respective sums to be paid, would not have had the effect which the *mis-recital* had. If the bond had correctly recited the aggregate of the respective sums which the judgment required the defendant to pay, the parties to the judgment, and the term of the court at which it was rendered, and had contained what, in legal contemplation, amounted to an undertaking for the costs of the appeal, it would not have been held defective as an appeal bond or as security for the costs of the appeal.    If there had been simply such *omission* of a recital as to those days, no *repugnancy* would have been made to appear, and there would have been no fatal variance.—The People v. Orleans Common Pleas, 2 Wend. R. 292; Meredith v. Richardson, 10 Ala. Rep. 828; see, also, authorities cited *supra*.

The same accuracy and fullness of description of the judgment are not required in a bond which is not to operate as a *supersedeas*, but merely as security for the costs of an appeal, as is required in a forthcoming bond, to give to it, on a return of forfeited, the effect of a statutory judgment authorizing the immediate issuance of execution against all the obligors. To give *such effect* to a forthcoming bond, under our statute, it is essential that the description of the execution in it should be true and perfect.    An *omission* to describe the execution fully may as effectually destroy *such effect* of such a bond as actual *misdescription* of the execution, although the bond may still be valid as a common-law obligation.    The principle on which this position rests is, that every such summary judgment, or judgment in such summary proceeding, must be full and perfect in itself, in order to support an execution issued

under it.—Tombeckbee Bank v. Strong's Ex'r, 1 Stew. & Por. 187; Nicholson v. Burke, 15 Ala. Rep. 353; see, also, cases cited *supra.*

A bond, executed in such a case as the present, and designed to operate as mere security for the costs of the appeal, is to be construed in this court as it would or might be in the office of the circuit clerk. There, it might be compared with the entries, papers, and proceedings on file and of record in the particular case in which it was in fact given, and its application to that case shown by such comparison. If this were not the law, no valid appeal could ever be taken, by merely giving security for the costs of the appeal, where two or more judgments for the same amount were rendered between the same parties, by the same court, on the same day. It is conceded that "*parol evidence* can neither bend the bond to the record, nor the record to the bond," and that neither the bond nor the record can be contradicted by *parol evidence.* But the operation of the bond can be assisted and directed by the record.—Rakes v. Pope, 7 Ala. Rep. 161. A comparison of the bond with the record is allowable for that purpose. When such comparison is made in this court, the certificate of the clerk attached to the transcript sent here constitutes part of the record (Carey v. McDougald, 25 Ala. Rep. 109); and whenever such comparison would supply the alleged defects of the bond, and show the application of the bond to the particular case, and the bond in legal contemplation amounts to an undertaking for the costs of the appeal, it ought to be supported as a good appeal bond, or as security for the costs of the appeal, upon the maxim, "*id certum est quod certum reddi potest.*"—Weissinger & Crook, *ex parte,* 7 Ala. R. 710; Summer v. Glancey, 3 Blackf. Rep. 361; Gayle v. Hudson, 10 Ala. Rep. 116; Meredith v. Richardson, 10 Ala. Rep. 828, and cases there cited; Chapel v. Congdon, 18 Pick. Rep. 257.

Without saying more on this point, we are satisfied that the bond in the present case, under the principles above stated, amounts to security for costs of the appeal. The motion to dismiss the appeal must therefore be overruled.

The court charged the jury, that if the State produced a preponderance of testimony, they might *upon such preponderance* of proof find the defendant guilty. To this charge the

defendant excepted, Upon the authority of Mays v. Williams, 27 Ala. R. 267, we hold this charge to be erroneous. See, also, Brandon v. Cabiness, 10 Ala. Rep. 155 (3d head note.)

There was no error in the other charge given by the court, nor in refusing the charge asked by the defendant. This proceeding is not a criminal case.—State v. Pate, Busbee's Rep. 244.

The question raised on the offer of defendant to prove his character, on cross-examination of the witness introduced against him, may not arise on another trial, and we decline to consider it.

For the error above pointed out; the judgment is reversed, and the cause remanded.