# BURDINE vs. MUSTIN.

### [MOTION TO DISMISS APPEAL.]

1. *Implied waiver of defective appeal bond.*—The filing of a brief by the appellee's attorney, in which he discusses the merits of the case, and, at the same time, insists that the appeal ought to be dismissed, is not equivalent to a joinder in error, nor is it an implied waiver of defects in the appeal bond.

2. *Sufficiency of appeal bond in description of judgment.*—If an appeal bond describes the judgment as having been rendered against the appellant and her husband, when the record shows that it was rendered against her alone, the appeal will be dismissed on motion.

Burdine v. Mustin.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. WILLIAM S. MUDD.

THIS action was brought by William G. Mustin, against James T. Burdine, and Mary, his wife, and was commenced in a justice's court. The justice having rendered judgment against the defendants, Mrs. Burdine appealed to the circuit court, and executed an appeal bond, without joining her husband. In the circuit court, the plaintiff and Mrs. Burdine only appeared; and that court rendered judgment, dismissing the appeal at the costs of Mrs. Burdine and her sureties. From this judgment Mrs. Burdine sued out an appeal, and executed an appeal bond, wherein the judgment is described as having been rendered "in a cause between William G. Mustin, as plaintiff, and James T. Burdine and his wife, Mary, as defendants." On these facts, the appellee's counsel submitted a motion to dismiss the appeal, on account of the insufficiency of the appeal bond; which motion was resisted by the appellant's counsel, on the ground that the motion came too late.

ALEX. B. CLITHERALL, for the motion.
TURNER REAVIS, contra.

R. W. WALKER, J.—The fact that an attorney has filed a brief, in which he discusses the merits of the case, and, at the same time, insists that the appeal ought to be dismissed, as not having been properly taken, cannot be considered as equivalent to a joinder in error, or as a waiver of defects in the appeal bond.

[2.] The appeal in this case falls completely within the rule settled in Dumas v. Hunter, 28 Ala. 688; and, upon the authority of that case, must be dismissed.