## ENGLAND *vs.* McLAUGHLIN.

[SALE OF LAND, UNDER ORDER OF PROBATE COURT, FOR DIVISION.]

1. *Parties to appeal.*—Where land is sold by an executor, under an order of the probate court, for division among the divisees, (Code, §§ 1867–72,) and the confirmation of the sale is resisted by the purchaser, the devisees are parties to the decree of confirmation, and therefore necessary parties to an appeal from that decree by the purchaser, when the record shows that they joined with the executor in asking the confirmation of the sale, and the citation is directed to them jointly with the executor.

2. *Sufficiency of security for costs.*—An acknowledgment of liability as surety for the costs of the appeal, which misdescribes the names of the parties to the judgment or decree appealed from, is insufficient.

APPEAL from the Probate Court of Perry.

THE proceeding in this case was instituted by Samuel G. McLaughlin, who, on the 15th March, 1858, as the executor of the last will and testament of John McLaughlin, deceased, filed his petition in said probate court, asking an order to sell the real estate for the purpose of making equal division among the devisees. The court granted the order of sale as prayed, and ordered the executor to make a report of the sale within the time prescribed by law; the order reciting, "that the heirs and devisees are all over the age of twenty-one years, and appear in open court, by written agreement, and ask the court to grant said order." The land was sold by the executor, under this order, on the 10th April, 1858, and his report of the sale was returned to the court on the 10th August fol-

lowing.   On the 6th September, 1858, Wm. G. England, the purchaser at the sale, filed his written objections to its confirmation, and asked that he might be made a party to the proceeding, in order that he might contest its validity and regularity.   His motion was resisted by the executor and devisees, but was granted by the court, and he was made a party; but his several objections to the validity of the sale were overruled, and the sale was confirmed. From the decree confirming the sale, to which several exceptions were reserved by the said England, the present appeal is prosecuted.

The title of the case, as prefixed to the judgment entry and bill of exceptions, is, "Samuel G. McLaughlin, executor of John McLaughlin, deceased, *vs.* The heirs and devisees of said John McLaughlin, deceased, and William G. England, contestant"; while in the minute entry reciting that England appeared and claimed an appeal, and in the acknowledgment of security for costs, it is entitled, "Samuel G. McLaughlin, executor of John McLaughlin, deceased, *vs.* Wm. G. England."   In answer to a special *certiorari*, the probate judge attached to the transcript a certificate, stating "that this case, from the time Wm. G. England, the purchaser, gave notice of his intention to resist the confirmation of the sale, was entitled on the docket, 'Samuel G. McLaughlin, as administrator of John McLaughlin, deceased, *vs.* Wm. G. England'; that though other parties were afterwards made, the title of the cause was not changed on the docket, but remained the same; that after the cause was decided, William G. England came, and took an appeal in said cause, on the 2d October, 1858, and entered his appeal, in writing, on the docket, opposite the case as it was then stated, and at the same time gave William M. Brooks as surety for the costs of the appeal,—which security was approved by the court; that the title of the cause was changed on the trial, as shown by the decree and bill of exceptions set out in the transcript; but the case in which the appeal was taken, and the case in which the bill of exceptions was taken, are one and the same case; and there never was but the one case in this court between any of these

parties, in which William G. England was concerned as a party to the record."

On these facts, a motion is submitted to dismiss the appeal.

JOHN F. VARY, J. R. JOHN, and P. LOCKETT, for the motion, contended that the appeal should be dismissed, because it did not bring up the whole case, and because the security for costs was not sufficient; citing Williams v. The State, 26 Ala. 85; Dumas v. Hunter, 28 Ala. 688; Satterwhite v. The State, 28 Ala. 65; Hunter v. Dumas, 30 Ala. 188.

BROOKS & GARROTT, *contra.*—1. The writing copied into the transcript by the clerk, purporting to be an acknowledgment of liability as surety for the costs of the appeal, constitutes no part of the record, and cannot be looked to by this court for any purpose. When a *supersedeas* bond is given, the clerk is required to send up a certified copy of it; but, when only security for the costs of the appeal is given, he is simply required (and authorized) to certify the *fact* that such security was given, with the time when, and the name of the surety.—Code, §§ 3016, 3041; Riddle v. Hanna, 25 Ala. 485; Crump v. Wallace, 27 Ala. 277; Williams v. McConico, 27 Ala. 572.

2. If said written acknowledgment can be looked to at all, it must be construed as it would be in the primary court, where it might be compared with the entries and papers on file in the cause in which it was in fact taken, and its application to that particular case thus shown. Thus construed, the certificate attached to the second transcript amply identifies the case, and shows the sufficiency of the security for costs.—Satterwhite v. The State, 28 Ala. 65; Carey v. McDougald, 25 Ala. 109; Rakes v. Pope, 7 Ala. 161.

3. The devisees are not necessary parties. The executor is the sole actor, or plaintiff; and the purchaser, who alone is injured by the decree, is the only defendant. Since the devisees consent to the sale, their interests are sufficiently represented and protected by the executor.

STONE, J.—In the case of Delaplaine v. Lawrence, (10 Paige, 602,) lands of a decedent had been sold by the administrator, under an order of sale granted by the surrogate for that purpose. Delaplaine was one of the purchasers. The administrator reported the sale for confirmation, and W. B. Lawrence, one of the heirs at law, opposing the confirmation of the sale as to certain of the lots, the surrogate set aside the sale as to those lots, and ordered a resale. Delaplaine appealed from the order setting aside his purchase; and there was a motion made to dismiss his appeal, on the ground that he, the purchaser, had not made himself a party to the proceedings. The real contest on the application to confirm, as the report of the case, we think, shows, was between the administrator and the dissatisfied heir. The motion to dismiss was overruled; the court remarking, "It is evident that the legislature contemplated that there might be litigation before the surrogate upon the question as to the propriety of a confirmation."

This case is an authority to show, not only that the purchaser is a party to the order of confirmation, but that the heirs may also become parties. If heirs may become parties to the record, we can conceive of no good reason why devisees, who are also heirs, may not.

In the present record, Samuel G. McLaughlin, the executor, reported the sale for confirmation. England, the purchaser, resisted the confirmation. "Thereupon, said Samuel G. McLaughlin, by his attorney, and said George McLaughlin and Charles McLaughlin, by their attorneys, asked the court to confirm said report." This is the recital of the record. In confirmation of this, the notice of appeal issued by the judge of probate, and copied in the record, is addressed to Samuel G. McLaughlin, Charles McLaughlin, and George McLaughlin. If, when the case reached this court, Samuel G. McLaughlin had offered to confess errors, *without the concurrence* of Charles and George McLaughlin, he would not have been permitted to do so. So, on the other hand, if the probate court had refused to confirm the sale, and had set it aside, we apprehend no one would deny the right of George or Charles Mc-

Laughlin to prosecute an appeal in the names of them-
selves and Samuel G. McLaughlin. We hold, that George
and Charles McLaughlin were parties to the order of
confirmation.

[2.] The necessary sequence from what we have above
declared is, that the order or judgment rendered in the
probate court is materially different from that described
in the security for costs, and the appeal must be dismissed.
Williams v. The State, 26 Ala. 85; Satterwhite v. The
State, 28 Ala. 65; Dumas v. Hunter, 30 Ala. 188; Flour-
noy v. Mims, 17 Ala. 36.

Appeal dismissed.