Mr. Justice MILLER
delivered tbe opinion of tbe court.
1. Is tbe appellant so far a party to tbe original suit that be can appeal ?
It is certainly true that be cannot appeal from tbe original decree of foreclosure, nor from any other order or decree of tbe court made prior to bis bid. It, however, seems to be well settled, that after a decree adjudicating certain rights *656 between the parties to a suit, other persons having no previous interest in the litigation may become connected with the case, in the course of the subsequent proceedings, in such a manner as to subject them to the jurisdiction of the court, and render them liable to its orders; and that they may in like manner acquire rights in regard to the subject-matter of the litigation, which the court is bound to protect. Sureties, signing appeal bonds, stay bonds, delivery bonds, and receipters under writs of attachment, become quasi parties to the proceedings, and subject themselves to the jurisdiction of the court, so that summary judgments may be rendered on their bonds or recognizances. So in the case of a creditor’s bill, or other suit, by which a fund is to be distributed to parties, some of whom are not before the court; these are at liberty to come before the master after the decree, and establish their claims to share in the distribution.
A purchaser or bidder at a master’s sale in chancery subjects himself quoad hoc to the jurisdiction of the court, and can be compelled to perform his agreement specifically. It would seem that he must acquire a eoi'responding right to appear and claim, at the hands of the court, such relief as the rules of equity proceedings entitle him to.
In Delaplaine v. Lawrence,* Chancellor Walworth says, that “ in sales made by masters under decrees and orders of this court, the purchasers who have bid off the property and paid their deposits in good faith, are considered as having inchoate rights which entitle them to a hearing upon the question whether the sales shall be set aside. And if the court errs by setting aside the sale improperly, they have the right to carry the question by appeal to a higher tribunal.”
This principle, to which we see no objection, seems to decide the point before us in regard to parties to the suit.
2. The next groukd assumed is that the right of appellant having accrued in the mere process of executing the final decree of the court, no appeal lies in such case.
*657 Although this court has frequently decided that where the act complained of was a mere ministerial duty, necessarily growing out of the decree which was being carried into effect, no appeal would lie, it has never decided that in no case arising after a decree, which is final only in the sense which would allow it to be appealed, will an appeal be allowed from an order of the court, however it might affect important interests, or decide matters not before the court when the first decree was rendered. Such a doctrine would place a very large proportion of the most important matters adjudged by courts of chancery beyond the reach of an appeal. On the contrary, this court has repeatedly considered appeals from the decrees of the Circuit Courts, upon matters arising after the case had been here,, and the courts below had entered decrees in accordance with the directions of this court. At the present term, in the. case of A. Ii. Orchard v. John Hughes, the court refused to dismiss ’.an appeal from an order confirming a sale under a decree of foreclosure, and directed that the case should be heard, with the appeal from the principal decree in the suit which ordered the sale.*
3. It is said that the act of the court, in refusing to confirm or complete the sale, was entirely within its discretion, and, therefore, cannot be reviewed here.
The case of Delaplaine v. Lawrence, just cited, seems to imply a different doctrine. However this may appear on investigation, wTe think that its decision involves the merits of the case before us, and requires such an examination of the whole record as can only be made fairly on a full hearing. We are not disposed to deprive the appellant of this, by dismissing Ms appeal on motion.
Motion overruled.

 10 Paige, 602; see, also, Calvert on Parties to Suits in Equity; side pages 61, 58; note page 61,

 This was a motion, and was heard before the present reporter was appo ,nted to office. These fact? account for there being no report of the matt or in this volume. — Rep