KITCHELL, ADMINISTRATOR DE BONIS NON, *vs.* IRBY.

[PROBATE COURT—CONFIRMATION OF SALE OF LAND.]

1 *Sale of lands by order of court, and confirmation; parties to an appeal from.*—An administrator, under order of court, sold lands of the estate for distribution, and after resigning his trust, filed a report of the sale, and petitioned the court for confirmation of the sale; the purchaser was made a party to this proceeding, and also petitioned the court to confirm his purchase, and direct the administrator who succeeded in the administration, to convey to him; the latter administrator appeared and contested both petitions; the court confirmed the sale, and ordered the latter administrator to convey, and he appealed,—*held*, that this administrator had such an interest in the lands of the estate as entitled him to an appeal, and that the purchaser was an indispensable party to the appeal.

2. *Same; same.*—The heirs of the estate having been made parties to the application for the order of sale of the lands, were parties to the proceeding for confirmation, without any formal intervention or the making of them parties to it, specially and separately, and were necessary parties to said appeal.

APPEAL from Probate Court of Marengo.

IN the matter of the confirmation of the sale of lands of

the estate of James M. Rembert, deceased. The facts will sufficiently appear from the opinion of the court.

WM. M. BROOKS, for appellant.
SAMUEL F. RICE, *contra.*

A. J. WALKER, C. J.—Charles Irby, the appellee, preceded Frank N. Kitchell, the appellant in the administration upon the estate of James M. Rembert, deceased, Pending the administration of Irby, and on the 1st February, 1865, he sold land of the estate of his intestate for distribution, in pursuance of an order of the probate court.

Afterward, and on the 6th February, 1866, he resigned his administration, and Kitchell, the appellant, was appointed. On the 28th August, 1866, Irby having previously resigned his administration, filed a report of the sale in the probate court. D. B. Jackson appeared in court, and on his motion was made a party to the proceeding of Irby to obtain a confirmation of the sale, and he petitioned the court to confirm his purchase, and order Kitchell to convey to him. Kitchell appeared and filed exceptions to Irby's petition for confirmation, contested both the petition of Irby and of Jackson, and took a bill of exceptions. The court confirmed the sale, and ordered Kitchell to convey.

Before the submission of this case a motion was made to dismiss the appeal, which was restricted to the single ground that Kitchell, the administrator *de bonis non,* had not such an interest as entitled him to appeal. This motion we overruled. We are convinced, upon further examination, that in doing so we are correct. The administrator *de bonis non,* in this case, had an interest in reference to the lands of the estate, in so far that he might rent them out, or apply for an order of sale. He had, also, an interest in the security and payment of the purchase-money, which were subjects of inquiry in the proceeding for confirmation.—Revised Code, §§ 2090–2096. He was made a party in the court below, and a peremptory order was made that he convey to the purchaser. Taking all these considerations into view, we are fully convinced that it was

competent for the administrator *de bonis non*, Kitchell, to appeal.

The only parties to the appeal are Kitchell, the administrator *de bonis non*, the appellant, and Irby, the petitioner for confirmation, appellee. The purchaser, Jackson, was very properly permitted to become a party in the court below. He is an indispensable party to the appeal.—*Delaplaine v. Lawrence*, 10 *Paige*, 602 ; *England v. McLaughlin*, 35 Ala. 590.

The heirs of the estate were made parties to the application for the order of sale. In thus saying that the heirs were made parties, we do not mean to decide, that they were all brought in a proper manner before the court. That point must be determined upon hearing the assignment of errors.

The proceeding for confirmation was a continuance of the proceeding commenced by the petition for the order of sale.— *Wallace v. Hall*, 19 Ala. 371 ; *Lightfoot v. Lewis*, 1 Ala. 475. The heirs having been made parties to the application for an order of sale, were parties to the proceeding for confirmation without any formal intervention, or making of them parties specially and separately to it. In *England v. McLaughlin, supra*, it was remarked, that the heirs or devisees might "*become*" parties to the confirmation. That remark sufficed for that case. The question whether they were not parties without a formal order was not presented or considered. It is only by regarding the application for confirmation as a continuance of the proceeding commenced by the application for sale, that errors in the order of sale, and in the order of confirmation, can be assigned in the same appeal.

The appeal must be dismissed at the next term of this court, because the purchaser and heirs are not parties to the appeal, unless the appellant at that time so amends the appeal as to supply the defect.