PITTMAN'S ADMINISTRATOR, PLAINTIFF AND RESPONDENT, VS. REBECCA L. MYRICK, DEFENDANT AND APPELLANT.

1. An appeal will not be dismissed on account of the failure to file an assignment of errors within the time appointed, if the assignment be filed before the motion is determined and the appellant comply with such terms as may be imposed by the court.

2. Where there is a judgment against two parties, and the bond or under-

taking describes the judgment as a judgment against one only, this is a ground for a motion to dismiss the appeal.

3. When a notice of appeal has been given in good faith, and the appellant has failed, by mistake, to give the necessary security in order to perfect the appeal as required by the Code, and these facts are shown to the satisfaction of the court, the appellant will be allowed to perfect the appeal by giving the necessary security.

4. The time for serving and settling exceptions, under the Code, may be enlarged by the court or judge.

Appeal from the Circuit Court for Jackson county.

The facts of the case are stated in the opinion of the court.

*W. H. Milton* and *D. L. McKinnon* for the motion.

*Geo. S. Hawkins* and *J. F. McClellan*, contra.

The Chief-Justice delivered the opinion of the court.

Respondent recovered a judgment against Mrs. Myrick, appellant, and one Joseph W. Russ, in an action upon a money demand, commenced under the Code of Procedure.

The respondent now moves to dismiss the appeal upon the grounds—first, that the assignment of errors was not filed within the time prescribed by the rules; second, that no sufficient bond or undertaking was given by appellant; third, that the order and exceptions were not stated and settled within the time prescribed by law, but after the time had expired, under an order of the judge, at chambers, enlarging the time.

As to the first ground of the motion, we simply remark that the failure to file the assignment of errors within the time appointed has never been regarded as ground for dismissing an appeal, where the assignment is filed before the motion is determined. The delay, however, affords sufficient cause for giving time to the defendant in error to pre-

pare for the argument of the cause if he desire it, and the court may impose other terms.

In respect to the second ground, the record shows a judgment in favor of the plaintiff against the appellant and J. W. Russ for a sum of money. There are two notices of appeal. The first correctly describes the judgment by naming the parties, and the second, served some twenty days afterward, refers to a judgment against Mrs. Myrick only. The undertaking describes the judgment as being against Mrs. Myrick only. The record shows a judgment against her and Russ jointly. It is clear, therefore, that the undertaking filed does not refer to the judgment described in this record; and an affirmance of this judgment is not within the contemplation of the recital of the undertaking, another and different judgment being clearly described. No sufficient bond or undertaking, therefore, was given. This precise question was determined in Salterwhite vs. State, 28 Ala., 65; Dumas vs. Hunter, ib., 688; McGarrah vs. Birney, 4 Tex., 287; and similar questions were decided in Burdine vs. Mustin, 33 Ala., 634; Curry vs. Hinman, 3 Gilman, 90; Willenborg vs. Murphy, 40 Ill., 46.

The third ground of the motion, that the exceptions were not settled by the court but by the judge, after the time fixed by the rules had expired, is not sustained. The record shows that though the time fixed by the rules for serving notice of the filing of the exception had passed, the judge made an order, in vacation, after the expiration of the time, enlarging the time for giving notice and settling the exceptions, and this order was based upon affidavits of the counsel having charge of the case showing grounds which the judge considered sufficient.

It was within the power of the court under section 124, and of a judge of the court under section 337 of the Code of Procedure, to make an order enlarging the "time within

which any proceedings in an action" may be had, except on appeal, "upon affidavit showing grounds therefor."

It was held in New York, in Sheldon vs. Wood, (14 Howard, 18, and 14 Abb., 228,) that the Code, containing similar provisions, "authorizes the allowance of exceptions *nunc pro tunc*, after the ten days for filing them have expired."

It is deemed that the first and third grounds of this motion are not sufficient, but the second ground is sustained, and unless a sufficient undertaking be given the appeal must be dismissed.

Whereupon at another day came the appellant, by her counsel, and read and filed the affidavit of Geo. S. Hawkins and James F. McClellan, Esquires, and made her motion that she be allowed to amend by filing an undertaking which shall be good and sufficient to perfect her appeal, for causes stated in said affidavits and shown to the court.

By THE COURT:

By the late Code, Sec. 269, "any party aggrieved may appeal." The N. Y. Code, Sec. 325, is precisely like ours. In Mattison vs. Jones, (9 How. Pr. R., 152,) it was held that any one of several parties conceiving himself aggrieved may appeal, whether his co-plaintiff or co-defendant join in the appeal or not.

This appeal is by Mrs. Myrick alone, the judgment being against her and Russ. The notice of appeal first served, and which does not seem to have been withdrawn, conforms to the judgment, and seems to have been regularly served. The only question relates to the security.

It appears by the affidavits of the counsel for Mrs. Myrick that the notice of appeal was given in good faith, and they state facts which go to show that they supposed the judgment was against Mrs. Myrick only, and hence, in drawing up the undertaking, committed the error involved by mistake

and inadvertence, for which Mrs. Myrick is in no wise responsible.

By the same paragraph of Section 271 of the Code, it is provided that " when a party shall give in good faith notice of appeal from a judgment, and shall omit through mistake to do any other act necessary to perfect the appeal, or to stay proceedings, the court may permit an amendment on such terms as may be just."

This directly includes the security to be given on appeal, and this application is therefore addressed to the discretion of the court. Upon an examination of the record, and the affidavits tendered upon this motion, we are satisfied that the appellant has in good faith given the notice of appeal, and that the failure to give the requisite security was the result of inadvertence.

Therefore, upon reading and filing the affidavits of George S. Hawkins and J. F. McClellan, it is ordered that the appellant have thirty days from this date to procure and file in the office of the Clerk of the Circuit Court for Jackson county an undertaking, as required by Section 278 of the act of February 19, 1870, known as the Code of Procedure, executed by good and sufficient sureties, who shall justify as to their responsibility, and whose sufficiency shall be subject to exception and justification, as prescribed in said Code of Procedure ; and the filing of such sufficient undertaking shall operate as a stay of proceedings, as against the appellant, upon the judgment appealed from. And in the meantime it is ordered that all proceedings under said judgment be stayed thirty days from the date hereof.

It is further ordered, that the appellant may perfect her appeal by filing with the said Clerk of the Circuit Court an undertaking, as prescribed by Section 277 of said Code, with sufficient sureties, provided the appellant does not desire a stay of proceedings upon said judgment.

Ordered further, that after said undertakings, or either of

them, shall be filed, and the sufficiency thereof established, a certified copy thereof and of the evidence of its sufficiency or approval annexed, shall be filed with the clerk of this court.